No. 2--05--0701                                        filed: 8/28/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 04--CV--1546          04--CV--1547 |
| SANDRA L. O'NEILL, | ) ) ) | Honorable Mitchell L. Hoffman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

_____

JUSTICE BOWMAN delivered the opinion of the court:

Sandra O'Neill appeals her sentence imposing a fine for operating a watercraft while under the influence of alcohol. She contends that she is entitled to a $10 credit against her fine, for two days that she was in custody. Because the credit may be raised for the first time on appeal and the State concedes that O'Neill was entitled to the credit, we modify the sentencing order.

O'Neill was arrested on August 27, 2004, and released on bond on August 28, 2004. She was convicted and sentenced to perform 150 hours of community service, pay a $150 fine, and attend programs as ordered. O'Neill moved to reconsider, but the motion did not request credit for the time she was in custody. The trial court converted the sentence to a total fine of $1,650 and did not include the credit. The record does not contain transcripts from the sentencing hearing or the hearing on the motion to reconsider.

O'Neill contends that she is entitled to the $10 credit. The State concedes that the record shows that O'Neill is entitled to the credit, but it argues that she waived the matter by failing to present a proper record on appeal.

Section 110--14 of the Code of Criminal Procedure of 1963 provides: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110--14 (West 2004). The Illinois Supreme Court has held that the credit is not limited to people who apply for it at the trial level. People v. Woodard, 175 Ill. 2d 435, 447-48 (1997). Therefore, the normal rules of waiver do not apply and the right is cognizant on appeal as a matter of course subject to the defendant's application. Woodard, 175 Ill. 2d at 457. Applying Woodard, we have granted a defendant's request for the credit despite the fact that the right to appeal had been waived. People v. Collins, 328 Ill. App. 3d 366, 373 (2002).

The State cites to the proposition that the appellant has the burden to present an adequate record and that the failure to do so will be construed against the appellant. See, e.g., People v. Johnson, 285 Ill. App. 3d 307, 308 (1996). Yet, the State concedes that the record shows that O'Neill is entitled to a $10 credit. Because O'Neill can make her request on appeal and the record is sufficient to show that she is entitled to a credit, the matter is not waived by her failure to include transcripts from the sentencing proceeding and the hearing on the motion for reconsideration.

Because the issue is not waived, we modify the sentence to reflect the credit of $10. We pause, however, to make the following observation: Over time, we have seen numerous appeals where the sole issue is application of the credit and the matter is raised for the first time on appeal. In most instances, the monetary amount at issue is minimal, yet resolution

of the appeal requires a disproportional expenditure of state and judicial resources.  We note that if such matters were initially addressed at sentencing or by motion in the trial court, the credit could be properly applied in an efficient manner and additional public costs could be avoided.  We observe that even after it has otherwise lost jurisdiction, the trial court retains jurisdiction to amend a mittimus to reflect additional sentencing credit.  People v. White, 357 Ill. App. 3d 1070, 1073 (2005).  Thus, we encourage attorneys to raise the matter in the trial court to avoid unnecessary public costs.

Affirmed as modified.

BYRNE and CALLUM, JJ., concur.