NOTICE

Decision filed 04/06/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0349

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Union County. |
| | ) |
| v. | ) No. 05-TR-2222 |
| | ) |
| DAVID M. RUSHING, | ) Honorable |
| | ) Rodney A. Clutts, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, David M. Rushing, was convicted by a jury of reckless driving (625 ILCS 5/11-503 (West 2004)). The court sentenced the defendant to pay a $200 fine. A $20 "Violent Crime" fine was also imposed. It appears that the $20 fine was imposed pursuant to section 10 of the Violent Crime Victims Assistance Act (Act) (725 ILCS 240/10 (West 2004)). On appeal, the defendant has filed a motion for summary relief in which he contends that he should be given $15 credit toward his fine for the time he spent in presentence incarceration and that the $20 fine should be vacated because it can be imposed only when no other fine has been imposed. The State has filed a confession of error. This court grants the motion for summary relief and vacates the $20 "Violent Crime" fine and affirms as modified the judgment of the circuit court to reflect a $15 credit toward the defendant's $200 fine.

The record reveals that the defendant was arrested on the reckless driving charge on June 4, 2005, and posted a recognizance bond on June 6, 2005; therefore, he spent three days in presentencing custody. See *People v. Johns*, 130 Ill. App. 3d 548, 549, 474 N.E.2d

1

739, 740 (1984). Section 110-14(a) of the Code of Criminal Procedure of 1963 provides in pertinent part as follows: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14(a) (West 2004).

The defendant is entitled to credit against his fine even if the issue is raised for the first time on appeal. See *People v. Woodard*, 175 Ill. 2d 435, 457-58, 677 N.E.2d 935, 945-46 (1997). The defendant was fined pursuant to section 5-9-1(a)(2) of the Unified Code of Corrections (730 ILCS 5/5-9-1(a)(2) (West 2004)). Having found previously in this order that the defendant served three days in presentencing custody, we now find that the defendant is entitled to $15 credit toward his $200 fine.

Section 10(c) of the Act provides:

"(c) When any person is convicted in Illinois on or after August 28, 1986, of an offense listed below, or placed on supervision for such an offense on or after September 18, 1986, and no other fine is imposed, the following penalty shall be collected by the Circuit Court Clerk:

(1) $25, for any crime of violence as defined in subsection (c) of Section 2 of the Crime Victims Compensation Act; and

(2) $20, for any other felony or misdemeanor, excluding any conservation offense.

Such charge shall not be subject to the provisions of Section 110-14 of the Code of Criminal Procedure of 1963." 725 ILCS 240/10(c) (West 2004).

Under the plain language of the statute, the $20 fine may be ordered only if "no other fine is imposed." In the case at bar, another fine was imposed; therefore, the $20 fine for "Violent Crime" is vacated.

2

Over time, the appellate court has addressed numerous appeals where an issue is the application of section 110-14 credit and the issue is being raised for the first time on appeal. See *People v. O'Neill*, 367 Ill. App. 3d 439, 440, 854 N.E.2d 1154, 1156 (2006). "In most instances, the monetary amount at issue is minimal, yet resolution of the appeal requires a disproportional expenditure of state and judicial resources." *O'Neill*, 367 Ill. App. 3d at 440, 854 N.E.2d at 1156. In a significant number of these appeals, section 110-14 credit is the only issue raised on appeal. These matters could be handled at sentencing. If the court imposes a fine, defense counsel should then ask for section 110-14 credit. Usually there will be a presentence investigation that will state the number of days the defendant has been incarcerated at the time of the sentencing hearing. If the prosecutor disagrees with the public defender's or the probation officer's calculation, the conflict can be handled by the circuit court at that point.

For the foregoing reasons, the judgment of the circuit court is affirmed as modified.


Affirmed as modified.


DONOVAN and WEXSTTEN, JJ., concur.