No. 2--06--0512    Filed: 1-4-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--1278 |
| BENJAMIN FLORES, | ) ) | Honorable Grant S. Wegner, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Benjamin Flores appeals from the dismissal of his petition seeking postconviction relief. His sole contention, raised for the first time on appeal, is that the trial court incorrectly calculated his credit for time spent in custody before sentencing. We determine that Flores may raise the issue on appeal from the dismissal of his postconviction petition. We affirm the dismissal, but because Flores is entitled to two additional days of credit, we modify the mittimus.

I. BACKGROUND

On June 12, 2003, Flores admitted to police officers that he was involved in a shooting. On June 13, 2003, he was charged with attempted first degree murder (720 ILCS 5/8--4(a), 9--1(a) (West 2002)) and two counts of aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 2002)).

Some court documents allege that Flores was arrested "on or about June 13, 2003," while other documents allege "on or about June 11, 2003." However, evidence on a motion to quash the arrest and suppress statements shows that the police began investigating Flores on June 11, 2003. On June 12, 2003, at 3:28 a.m., they searched Flores's home, and at approximately 4 a.m. Flores went to the police station, where he was interviewed until approximately 5:30 a.m. An officer testified that Flores admitted his involvement in the shooting and was arrested when that interview ended. The trial court determined that Flores was arrested at the completion of the interview, when he was no longer free to leave.

Flores was released on bond on September 6, 2003. On May 14, 2004, he entered a negotiated guilty plea to a charge of aggravated battery with a firearm. Flores was sentenced to a 9-year prison term with credit for 85 days that he previously spent in custody. There was no postsentencing motion or direct appeal.

On April 21, 2006, Flores filed a pro se postconviction petition, alleging that the statute imposing a term of mandatory supervised release (730 ILCS 5/5--8--1(d) (West 2004)) and the statute providing day-for-day credit for time in prison (730 ILCS 5/3--6--3(a)(2.1) (West 2004)) were unconstitutional because they conflicted with each other. He did not raise the issue of the calculation of credit for his time spent in custody before sentencing.

On May 10, 2006, the trial court summarily dismissed the postconviction petition as frivolous and patently without merit. Flores appealed.

## II. ANALYSIS

On appeal, Flores does not raise any issues about the constitutionality of any statutes. Instead, his sole contention is that he is entitled to two additional days of credit against his sentence,

and he asserts that he may raise the issue for the first time on appeal from the dismissal of his postconviction petition. The State suggests that this court should not allow the credit, as it was raised for the first time on appeal from a postconviction proceeding. In the alternative, the State argues that the record is insufficient to show the date when Flores was arrested, making a remand necessary.

A defendant has a right to one day of credit for each day or portion of a day spent in custody before sentencing. See 730 ILCS 5/5--8--7(b) (West 2004); People v. Whitmore, 313 Ill. App. 3d 117, 120 (2000). In the context of a direct appeal, we have held that "[b]ecause sentence credit for time served is mandatory, a claim of error in the calculation of that credit cannot be waived." Whitmore, 313 Ill. App. 3d at 121. "[T]he trial court retains jurisdiction to amend the mittimus to reflect additional sentencing credit." People v. O'Neill, 367 Ill. App. 3d 439, 440 (2006). In addition, we can modify the mittimus, at least when the issue is raised on direct appeal. See Whitmore, 313 Ill. App. 3d at 121; see also 155 Ill. 2d R. 366(a)(5).

Although we have routinely addressed issues concerning sentencing credit when raised for the first time on direct appeal, we have not decided whether such issues can be raised for the first time in an appeal from the dismissal of a postconviction petition. The Fourth District has held that sentencing credit issues cannot be raised in such an appeal. People v. Bates, 179 Ill. App. 3d 705, 709 (1989). The Third and Fifth Districts, however, have disagreed. People v. Andrews, 365 Ill. App. 3d 696, 699 (2006); People v. Wren, 223 Ill. App. 3d 722, 731 (1992).

In Bates, the Fourth District refused to consider a sentencing credit issue that was raised for the first time on appeal from a postconviction proceeding. The court determined that a credit for time served before the entry of sentence is a statutory right. As a result, it could not be raised in a

postconviction action, which is limited to issues of a constitutional magnitude. Bates, 179 Ill. App. 3d at 709. Further, in a postconviction action, issues not raised in the postconviction petition and issues that could have been raised in a direct appeal are waived. Finally, to the extent the defendant might have had ineffective assistance of counsel, that issue was not raised, and in any event the error would be so de minimis that counsel could not be branded ineffective. Bates, 179 Ill. App. 3d at 708.

The Third and Fifth Districts have taken a different approach. In Andrews, the Third District recognized that normally an issue raised for the first time on appeal is waived. It further observed that a postconviction petition applies only to constitutional matters and that, unlike the Illinois Supreme Court, the appellate court is without supervisory authority to excuse a waiver in postconviction proceedings. Andrews, 365 Ill. App. 3d at 698-99. But the court also observed that sentencing credit is mandatory and that the court had authority to modify the trial court's order to correct what amounted to a clerical error. Thus, the court treated the defendant's request as a motion to amend the mittimus, and it considered the issue because such a motion may be raised at any time. Andrews, 365 Ill. App. 3d at 699; see also Wren, 223 Ill. App. 3d at 731 (the Fifth District treated the matter as a motion to amend the mittimus).

Although not discussed in an opinion, the Illinois Supreme Court has indicated that sentencing credit issues may be addressed for the first time on appeal from postconviction proceedings. In People v. Brown, No. 1--04--1943 (2006) (unpublished order under Supreme Court Rule 23), applying essentially the same reasoning as the Fourth District in Bates, the First District held that a sentencing credit issue was not cognizable on appeal from the denial of postconviction relief. See People v. Brown, 371 Ill. App. 3d, 972, 985 (2007). However, the Third District had released its decision in Andrews 10 days earlier, and Brown filed a petition for leave to appeal. The Illinois

Supreme Court denied the petition for leave to appeal, but also directed the First District to (1) allow the State an opportunity to respond to the request for a sentencing credit; (2) determine the merits of the request; and (3) grant Brown further sentencing credit if so required. People v. Brown, 222 Ill. 2d 579 (2006).[1]

While we are cognizant that the supreme court's order lacks precedential value and is not dispositive of the issue presented on appeal, the supreme court's approach is instructive and supports our decision in this appeal. People v. Bates, 323 Ill. App. 3d 77, 85 n.1 (2001), overruled on other grounds, People v. Jones, 213 Ill. 2d 498, 508 (2004); see People v. Poole, 167 Ill. App. 3d 7, 12 n.1 (1988). Thus, in light of the supreme court's order in Brown, we construe Flores's request as a motion to amend the mittimus, and we address the issue on appeal. The record shows that Flores was arrested on June 12, 2003, and that he was released from custody on September 6, 2003. Thus, he spent 87 days in custody before sentencing. Because the trial court gave Flores credit for only 85 days, he is entitled to 2 additional days of credit.

The State argues that the record is insufficient to show the date of arrest. However, the testimony at the hearing on the motion to quash and suppress clearly sets the arrest on June 12, 2003. The trial court specifically found that the arrest occurred at the end of the June 12, 2003, interview. Therefore, the State's assertion that the record is insufficient to calculate the days spent in custody is incorrect.

---

[1]The supreme court's order in Brown was consistent with opinions in which it held that a sentence that does not award statutory credit is void (People v. Roberson, 212 Ill. 2d 430, 440 (2004)) and that a void sentence may be attacked for the first time on appeal from the dismissal of a postconviction petition (People v. Thompson, 209 Ill. 2d 19, 27 (2004)).

III. CONCLUSION

We determine that Flores can raise the miscalculation of his sentencing credit on appeal from the dismissal of his petition for postconviction relief. The record shows that he is entitled to two additional days of credit. Thus, we affirm the dismissal of the petition but, pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we modify the mittimus to reflect that Flores was in custody for 87 days.

Affirmed; mittimus modified.

BYRNE, P.J., and HUTCHINSON, J., concur.