No. 2—09—0766
Opinion filed March 28, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04—CF—441 |
| FAVIAN G. GOMEZ, | ) ) ) | Honorable Peter J. Dockery, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the judgment of the court, with opinion.
Presiding Justice Jorgensen and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

Defendant, Favian G. Gomez, appeals from the second-stage dismissal of his amended postconviction petition. On appeal, defendant claims that (1) his trial counsel was ineffective, because, despite defendant's request for him to do so, counsel failed to file a motion to withdraw defendant's guilty plea, and (2) he is entitled to additional days of sentencing credit for the time he served in custody before being sentenced. We affirm the dismissal but modify the mittimus.

The facts relevant to resolving this appeal are as follows. On February 20, 2004, defendant was charged with various offenses that arose from his sexual abuse of two girls for whom his mother babysat. Defendant remained in custody from February 20, 2004, until March 9, 2004, which is when

defendant posted bond.[1] On February 4, 2005, defendant's bond was revoked. Defendant remained in custody until June 23, 2005. At that time, defendant pleaded guilty to one count of predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West 2002)), and the State dismissed the remaining charges that were pending against him.[2] No agreement was made concerning defendant's sentence.

At sentencing, defendant admitted to having sexually abused the victim. More specifically, after admitting that he initially denied committing any of the offenses, defendant apologized for his actions, indicated that "[i]t's all true," and asserted that "I am guilty of the offense." On August 22, 2005, the trial court sentenced defendant to 15 years' imprisonment and gave defendant credit for 200 days he served in custody before sentencing.

On September 20, 2005, with counsel's help, defendant moved the trial court to reconsider his sentence. At that same time, without counsel's assistance, defendant sent two letters to the trial court. One letter was dated September 17, 2005, and the other letter was dated September 20, 2005. Nowhere in either of these letters did defendant advise the trial court that he wished to withdraw his guilty plea. Rather, consistent with his motion to reconsider, defendant asked the court to reduce his sentence, as he was "terribly sorry for what [he has] done" and "know[s] it was wrong." At the hearing on the motion to reconsider, defendant never indicated that he wished to withdraw his guilty

---

[1]The record reflects that defendant's bond was "issued" on March 9, 2004, and filed in the trial court on March 10, 2004.

[2]Defendant initially pleaded guilty to one count of predatory criminal sexual assault of a child on February 4, 2005. He subsequently withdrew his plea only to plead guilty again to that same count on June 23, 2005.

plea. The trial court subsequently denied the motion, and defendant appealed, arguing that his sentence is excessive and that the trial court abused its discretion in refusing to grant him a continuance so that he could obtain an updated presentence investigation (PSI) report. Defendant wanted to admit in the new PSI that he committed the offense. This court affirmed. *People v. Gomez*, No. 2—05—1055 (2006) (unpublished order under Supreme Court Rule 23). Defendant never challenged in the trial court or on appeal the days of sentencing credit he was due.

Soon thereafter, defendant petitioned *pro se* for postconviction relief. In his petition, defendant raised numerous claims, including that his trial counsel was ineffective for failing to file a motion to withdraw defendant's guilty plea after defendant asked counsel to do so. Attached to defendant's petition was his own affidavit. In that affidavit, defendant professed his innocence and asserted that he contacted his attorney by letter in the early part of September 2005 and asked his attorney to file a motion to withdraw his guilty plea. Later, defendant learned that he could not challenge his guilty plea on direct appeal, because he "didn't discuss it with the judge." Nowhere in the petition did defendant contend that he should have been awarded additional days of sentencing credit. The trial court found that the petition stated the gist of a constitutional violation and advanced the petition to the second stage of postconviction proceedings.

Defendant subsequently filed a *pro se* supplemental petition that contained, among other things, his mother's affidavit. In that affidavit, defendant's mother asserted that defendant contacted her in the early part of September 2005 and asked her to tell defendant's attorney that defendant wished to withdraw his guilty plea. Pursuant to defendant's request, defendant's mother contacted defendant's attorney's office and "relayed the message to the secretary."

On defendant's behalf, appointed counsel filed an amended petition. In that petition, counsel added that defendant attempted to contact his attorney about withdrawing his guilty plea numerous times between June 23, 2005 (when defendant pleaded guilty), and August 22, 2005 (when defendant was sentenced), as well as after defendant was sentenced. Nowhere in the amended petition did counsel allege that defendant was entitled to additional days of sentencing credit.

The State moved to dismiss the petition, and the trial court granted the motion, observing, among other things, that the record contradicted defendant's claim that he asked his attorney to file a motion to withdraw his guilty plea. This timely appeal followed.

Defendant raises two issues on appeal. He claims that (1) his trial counsel was ineffective, because counsel failed to move to withdraw his guilty plea after defendant asked him to do so and (2) he is entitled to an additional 19 days of sentencing credit. We address each of these arguments in turn.

The first issue we consider is whether defendant's trial counsel was ineffective for failing to move to withdraw defendant's guilty plea. The Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2006)) creates a three-stage process for the adjudication of postconviction petitions and permits a defendant to mount a collateral attack on his conviction and sentence based on violations of his constitutional rights. *People v. Erickson*, 183 Ill. 2d 213, 222 (1998). If a petition survives first-stage review, it proceeds to the second stage, at which an indigent defendant is entitled to appointed counsel, the petition may be amended, and the State may answer or move to dismiss the petition. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). At the second stage, a defendant must make a "substantial showing" of a constitutional violation. *People v. Addison*, 371 Ill. App. 3d 941, 946 (2007). Here, at the second stage, the trial court dismissed defendant's petition

wherein he claimed that his trial attorney was ineffective for failing to move to withdraw defendant's guilty plea. A second-stage dismissal is reviewed *de novo*. *People v. Adams*, 373 Ill. App. 3d 991, 993 (2007).

In evaluating whether defendant made a substantial showing that he was denied the effective assistance of counsel when counsel failed to move to withdraw defendant's guilty plea, we are guided by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant who alleges that his counsel was ineffective must establish that (1) his attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Wendt*, 283 Ill. App. 3d 947, 951 (1996). However, if a defendant fails to show that he was prejudiced, the second prong of the test, a court need not consider whether the attorney's performance fell below an objective standard of reasonableness. *Id.*

Although *Strickland* clearly requires a defendant to establish prejudice, defendant, citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), contends that prejudice must be presumed because he was foreclosed from challenging his guilty plea on appeal when counsel did not move to withdraw the plea in the trial court. We disagree.

In *People v. Edwards*, 197 Ill. 2d 239, 250 (2001), our supreme court examined *Roe* in a case where the defendant entered a fully negotiated guilty plea and sought postconviction relief because his attorney failed to perfect the defendant's direct appeal by first filing a motion to withdraw the plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2006). In discussing whether prejudice would be presumed under *Roe*, our supreme court noted that, pursuant to *Roe*, there is a difference between an attorney's alleged deficient performance that results in a judicial proceeding of questionable reliability and an

alleged deficient performance that results in the forfeiture of the proceeding altogether. *Edwards*, 197 Ill. 2d at 251-52. In the latter instance, the court in *Roe* indicated that prejudice must be presumed. *Id.* at 252. Even in that instance, however, our supreme court made clear that prejudice is presumed only at the first stage of postconviction proceedings. *Id.* at 252, 257. That is, at the second stage of postconviction proceedings, a defendant alleging that his trial counsel was ineffective for failing to move to withdraw the defendant's fully negotiated guilty plea must explain the basis upon which the defendant could have moved to withdraw the plea. *Id.* at 257.

Here, unlike in *Edwards*, defendant did not enter a fully negotiated guilty plea. Thus, unlike the defendant in *Edwards*, the filing of a motion to withdraw defendant's guilty plea was not necessary for defendant to take a direct appeal. Rather, as happened in this case, the filing of a motion to reconsider defendant's sentence preserved for direct appeal the sentencing issues that defendant raised in the trial court. See Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Because defendant was not subject to the forfeiture of a proceeding itself, *i.e.*, denied the ability to seek a direct appeal, prejudice was not to be presumed at any stage.

Moreover, unlike in *Edwards*, defendant's petition was not summarily dismissed at the first stage of postconviction proceedings. Instead, the trial court found that defendant's petition stated the gist of a claim that trial counsel was ineffective for, among other things, failing to move to withdraw defendant's guilty plea. Because defendant's petition survived summary dismissal, he had to establish at stage two, pursuant to *Edwards*, on what justifiable basis he could have moved to withdraw his guilty plea and that there was a reasonable probability that the motion would have been granted allowing defendant to withdraw his plea of guilty. Defendant has failed to do this.

Liberally construed, defendant's petition asserted that he wanted to withdraw his guilty plea because he allegedly did not commit the offense. The problem with defendant's contention is that defendant has not always claimed that he is innocent. Rather, when defendant pleaded guilty, was sentenced, and moved to reconsider, he admitted several times that he sexually assaulted the victim. In fact, a central issue in defendant's direct appeal was whether he should have been granted a continuance for the sole purpose of admitting in the PSI that he committed the offense. When a defendant does not consistently maintain his innocence, courts generally do not allow the defendant to withdraw his guilty plea based on a claim of actual innocence. *Cf. People v. Mercado*, 356 Ill. App. 3d 487, 498-99 (2005) (this court allowed the defendant to withdraw his guilty plea, because, among other things, the defendant had "repeatedly professed his innocence").

Relatedly, because defendant has not consistently maintained his innocence, the record positively rebuts defendant's claim that he, through many different means, asked his trial counsel to withdraw his guilty plea based on a claim that he did not commit the crime. Specifically, defendant alleges that he attempted to contact his attorney numerous times to ask his attorney to withdraw his guilty plea and that he contacted his mother so that she could talk to his attorney about such matters. Nothing other than these affidavits, prepared by defendant and his mother long after the incident, supports these claims. In contrast to these allegations, the record includes several instances where, during the proceedings that resulted in defendant's guilty plea and sentence, defendant expressed a desire to persist in pleading guilty precisely because he committed the offense. At no point during any of these proceedings or in the letters defendant sent to the court did defendant express a desire to withdraw his guilty plea for any reason. Given these facts that rebut defendant's postconviction claim, the trial court did not err in dismissing defendant's petition. See *People v. Arbuckle*, 42 Ill.

2d 177, 181-82 (1969) (the defendant failed to make a substantial showing that his guilty plea was induced by promises of a reduced sentence when all of the people who could have made such an agreement with the defendant indicated in open court that no such agreement was made).

Having concluded that defendant's petition failed to present a substantial showing that defendant was denied the effective assistance of counsel when his counsel did not move to withdraw his guilty plea, we next address whether defendant is entitled to additional days of sentencing credit. *People v. Flores*, 378 Ill. App. 3d 493 (2008), is instructive in resolving that issue. In *Flores*, the defendant appealed from the summary dismissal of his postconviction petition, contending, for the first time, that he was entitled to additional days of sentencing credit. *Id.* at 494. This court determined that, despite the defendant's failure to raise the issue at any point prior to the appeal from the summary dismissal of his petition, we could nevertheless consider it. *Id.* at 496. In doing so, we observed that a reviewing court may modify the mittimus if the record sufficiently reveals to what credit the defendant is entitled. *Id.* at 497.

A defendant is entitled to a day of credit for each day, or part of any day, the defendant spent in presentence custody as a result of the offense for which the sentence was imposed. *People v. Johnson*, 396 Ill. App. 3d 1028, 1033 (2009). We review *de novo* the calculation of the number of days a defendant served in presentence custody, as resolving that issue does not require us to defer to the trial court's reasoning. *People v. McCreary*, 393 Ill. App. 3d 402, 408 (2009).

Here, pursuant to *Flores*, defendant may raise for the first time in this appeal his claim that he is entitled to additional days of sentencing credit. Further, examination of the record confirms that defendant is entitled to additional days of sentencing credit. Specifically, the record shows that defendant was arrested on February 20, 2004. Defendant remained in custody for the next 19 days,

until March 9, 2004.[3]  Defendant was free on bond from March 9, 2004, until February 4, 2005, which is when defendant's bond was revoked.  Defendant remained in custody from February 4, 2005, until he was sentenced on August 22, 2005, or for 200 days.  Given that the record reflects that defendant was in custody for 219 days but was credited with only 200 days, we, pursuant to Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), modify the mittimus to reflect that defendant was in custody for 219 days.  See *Flores*, 378 Ill. App. 3d at 497.

For these reasons, the judgment of the circuit court of Du Page County is affirmed, and the mittimus is modified.

Affirmed; mittimus modified.

---

[3]The year 2004 was a leap year, meaning that February had 29, instead of 28, days.