# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Purcell*, 2013 IL App (2d) 110810

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLARD H. PURCELL, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0810 |
| Filed | March 21, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's successive postconviction petition was affirmed, but his contention on appeal that he was entitled to credit against his sentence to natural life in prison for first-degree murder was accepted and the mittimus was modified to reflect a credit of 815 days for his presentence incarceration, notwithstanding the fact that he raised the issue for the first time on appeal from the dismissal of his successive postconviction petition, since a term of natural life is a determinate sentence pursuant to section 5-8-1 of the Unified Code of Corrections, and the credit is mandatory, even though it appears to be meaningless. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 01-CF-1783; the Hon. Rosemary Collins, Judge, presiding. |
| Judgment | Affirmed; mittimus modified. |

| Counsel on Appeal | Alan D. Goldberg and Bryon M. Reina, both of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | PRESIDING JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Justices Jorgensen and Hudson concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, William H. Purcell, appeals from the dismissal of his successive petition under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). His sole contention on appeal is that he is entitled to 815 days of credit against his sentence of natural life incarceration for first-degree murder (720 ILCS 5/9-1(a)(2), (a)(3) (West 2000)). The State contends that defendant forfeited his claim because he failed to raise it in any of his postconviction petitions. We determine that a sentence of natural life incarceration is a determinate sentence and that, as a result, defendant is entitled to the credit. Accordingly, we modify the mittimus to reflect the credit.

¶ 2                              I. BACKGROUND

¶ 3    Defendant was arrested on August 3, 2001, and remained in custody. In 2003, he was convicted and sentenced to a term of natural life in prison. No credit was given for time spent in presentence custody. Defendant did not raise any issues concerning sentencing credit on appeal, and his conviction and sentence were affirmed. *People v. Purcell*, 364 Ill. App. 3d 283 (2006). Since then, defendant has filed multiple postconviction petitions, none of which raised an issue concerning sentencing credit.

¶ 4    In June 2011, defendant filed another postconviction petition. Like the others, that petition did not raise an issue about sentencing credit. The trial court denied leave to file the petition, and defendant appeals.

¶ 5                               II. ANALYSIS

¶ 6    Defendant contends that he is entitled to credit against his sentence for time spent in presentence custody. The State contends that he forfeited the issue by failing to raise it in any of his postconviction petitions.

¶ 7    "A defendant has a right to one day of credit for each day or portion of a day spent in custody before sentencing." *People v. Flores*, 378 Ill. App. 3d 493, 495 (2008) (citing 730 ILCS 5/5-8-7(b) (West 2004)). "In the context of a direct appeal, we have held that '[b]ecause sentence credit for time served is mandatory, a claim of error in the calculation of that credit cannot be waived.' " *Id.* (quoting *People v. Whitmore*, 313 Ill. App. 3d 117, 121 (2000)). " '[T]he trial court retains jurisdiction to amend the mittimus to reflect additional sentencing credit.' " *Id.* (quoting *People v. O'Neill*, 367 Ill. App. 3d 439, 440 (2006)). "In addition, we can modify the mittimus, at least when the issue is raised on direct appeal." *Id.*

¶ 8    Likewise, when the issue is raised for the first time on appeal from the dismissal of a postconviction petition, we have construed the request as a motion to amend the mittimus and have awarded the credit. *Id.* at 496-97. This is consistent with our supreme court's holding that, while a claim for credit is not a constitutional claim cognizable under the Act, it is a statutory "application of the defendant" that may be raised at any stage of court proceedings, even on appeal in a postconviction proceeding. *People v. Caballero*, 228 Ill. 2d 79, 87-88 (2008). Thus, the appellate court, in the interests of an orderly administration of justice, may grant the relief requested. *Id.* at 88. "We review *de novo* the calculation of the number of days a defendant served in presentence custody, as resolving that issue does not require us to defer to the trial court's reasoning." *People v. Gomez*, 409 Ill. App. 3d 335, 341 (2011).

¶ 9    Here, pursuant to *Caballero*, defendant may raise for the first time on appeal his claim that he is entitled to sentencing credit. The State contends that the supreme court indicated a change in the law in *People v. Petrenko*, 237 Ill. 2d 490, 502 (2010). But that case does not address the issue of sentencing credit and is not applicable.

¶ 10    The State also argues that, because applying the credit would be meaningless, we should not grant the request. Defendant, however, argues that the credit is mandatory against any determinate sentence and that a sentence of natural life is a determinate sentence. We agree with defendant.

¶ 11    The Unified Code of Corrections (Code) states that a defendant "shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-8-7(b) (West 2000).

¶ 12    Section 5-8-1 of the Code (730 ILCS 5/5-8-1 (West 2000)) provides that, except as otherwise provided by the statute defining the offense, the sentence of incarceration for a felony shall be a determinate sentence "according to the following limitations." 730 ILCS 5/5-8-1(a) (West 2000). One of those limitations is that, for first-degree murder, if the trier of fact finds beyond a reasonable doubt that certain aggravating factors are present, the court may sentence the defendant to a term of natural life imprisonment. 730 ILCS 5/5-8-1(a)(1)(b) (West 2000).

¶ 13    The fundamental rule of statutory interpretation is to give effect to the intent of the legislature, and the best indication of that intent is a statute's language, given its plain and ordinary meaning. *People v. McCarty*, 223 Ill. 2d 109, 124 (2006). Whether a sentence to natural life is a determinate sentence under the Code is a question of law that we review *de novo*. See *People v. Bauman*, 2012 IL App (2d) 110544, ¶ 20 (question of statutory

-3-

interpretation is reviewed *de novo*).

¶ 14    This court has previously, without analysis, and in a different context, referenced a sentence of natural life as an indeterminate sentence. *People v. Franzen*, 183 Ill. App. 3d 1051, 1058 (1989). In support of his position that a natural life sentence is a determinate sentence, defendant cites to *People v. Hill*, 294 Ill. App. 3d 962 (1998). There, the defendant received credit against sentences that included a sentence of natural life. But other clearly determinate sentences were also involved, and the court did not address whether the credit could be given when only a natural life sentence is at issue. Indeed, at one point in the disposition, the court referred to the natural life sentence as an "indeterminate sentence." *Id.* at 968. Defendant also cites to a 1953 case for the proposition that a life term is a determinate sentence. *People v. Johnson*, 415 Ill. 628, 630 (1953). There, the court held that a sentence " 'from life to life' " for armed robbery was a determinate sentence. But that case involved a different sentencing scheme. Thus we do not find it applicable. Instead, we look to the language of section 5-8-1 and the common-law definitions of determinate and indeterminate sentences.

¶ 15    Here, section 5-8-1 provides that a sentence of incarceration for a felony shall be a determinate sentence. Further, while a natural life sentence has been referred to as indeterminate, it is determinate under the common-law definitions of the terms. An indeterminate sentence has been described as follows:

> " 'An indeterminate sentence differs from a determinate sentence only in that the former imposes a minimum term; and an indeterminate sentence is one for the maximum period, subject to termination by the parole board or other agency at any time after service of the minimum period. Under an indeterminate sentence accused remains confined for the period defined by law, less "good time," or unless some duly and legally constituted agency, such as the board of parole, intervenes.' " *People v. Perruquet*, 41 Ill. App. 3d 543, 544 (1976) (quoting 24B C.J.S. *Criminal Law* § 1993 (1962)).

¶ 16    Put differently, an indeterminate sentence is "[a] sentence to imprisonment for the maximum period defined by law, subject to termination ... at any time after service of the minimum period. [Citation.]" (Internal quotation marks omitted.) *United States v. Cordova-Beraud*, 90 F.3d 215, 219 (7th Cir. 1996). In Illinois, our indeterminate sentencing structure involved reliance on a parole board to determine the time of release. That sentencing structure has since been superseded. See *People v. Fern*, 189 Ill. 2d 48, 60 (1999) (describing legislation abolishing the previous system of indeterminate sentencing and replacing it with a system of determinate sentencing).

¶ 17    Thus, applying section 5-8-1 and the general definitions of determinate and indeterminate sentences in light of the history of the legislative move to a determinate sentencing system, a term of natural life is not an indeterminate term subject to termination after service of a set minimum period. Instead, it is a determinate term under section 5-8-1, without the possibility of intervention by a parole board. As a result, the credit applies to defendant's natural life sentence.

¶ 18    The State argues that it would be absurd to grant credit for time spent in presentence custody against a natural life sentence, since the credit would be meaningless. We agree that

the credit does appear to be meaningless, since it would never benefit the defendant. However, under *Flores*, the credit is mandatory, and a sentence that does not award mandatory credit is void. *Flores*, 378 Ill. App. 3d at 496 n.1; see *Petrenko*, 237 Ill. 2d at 506 (judiciary is bound to impose consecutive natural life sentences where they are mandated by the legislature). Accordingly, we modify the mittimus to reflect the credit.

¶ 19    Finally, the State asks us to award costs and fees against defendant under *People v. Johnson*, 2012 IL App (1st) 111378, based on his filing of a frivolous pleading. That case affirmed a trial court's award of sanctions under section 22-105 of the Code of Civil Procedure (735 ILCS 5/22-105 (West 2010)). *Id.* ¶¶ 10, 14.

¶ 20    Section 22-105 allows the trial court to award filing fees and court costs to the State when a prisoner files a frivolous pleading. In order to do so, the trial court must make a specific finding that the pleading is frivolous. 735 ILCS 5/22-105 (West 2010). Here, the issue of costs and fees under section 22-105 was not presented to the trial court. See *CBS Outdoor, Inc. v. Village of Itasca*, 2011 IL App (2d) 101117, ¶ 26. On appeal, defendant raised a cognizable claim regarding statutory credit. Accordingly, we decline to enter such an award.

¶ 21                                    III. CONCLUSION

¶ 22    Defendant is entitled to 815 days of credit against his sentence. Accordingly, we affirm the trial court's judgment but we modify the mittimus to reflect the credit.

¶ 23    Affirmed; mittimus modified.