No. 2—09—0082
Opinion filed March 14, 2011

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06—CF—1216 |
| JAMES E. EDMONSON, a/k/a Martin L. Edmonson, | ) ) ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices McLaren and Hudson concurred in the judgment and opinion.

**OPINION**

Defendant, James E. Edmonson, appeals the trial court's denial of his motion to withdraw his guilty plea to burglary (720 ILCS 5/19—1(a) (West 2006)) and possession of a stolen motor vehicle (625 ILCS 5/4—103(a) (West 2006)). As part of the plea agreement, the parties agreed to cap the sentence at 20 years, resulting in a negotiated plea and a sentence that could not be challenged through a motion to reconsider the sentence and an appeal from a denial of such a motion. See Ill. S. Ct. R. 604(d) (eff. July 1, 2006); *People v. Linder*, 186 Ill. 2d 67, 74 (1999). Defendant contends that he should be allowed to withdraw his plea because his counsel misinformed him that he would be able to challenge his sentence and because he would not have pleaded guilty had he been correctly

informed. Because defendant's decision to plead guilty was based on affirmative misrepresentations of counsel, we determine that the plea was not voluntary, and we reverse and remand with directions to allow him to withdraw his plea.

Defendant was charged in July 2006 with burglary, aggravated possession of a stolen motor vehicle, and unlawful possession of stolen property (720 ILCS 5/16—1 (West 2006)), and he was arrested in February 2007. He initially was released on bond with the conditions that he report to pretrial services at least once per week and that he submit to weekly drug testing. In September 2007, a hearing was held because defendant had not properly reported to pretrial services. Defendant presented evidence that he had obtained a full-time job and had relocated. He said that he forgot about the requirement that he notify pretrial services of any change in residence. Defendant's wife, Bernice Jones, testified that the couple supported six children, two of whom were fathered by defendant, and that she relied on defendant's income to help support the family. After the hearing, defendant's bond was increased, and he was taken into custody.

In October 2007, defendant was offered a plea agreement, and he asked for the opportunity to consult with Jones before making a decision about it. The case was continued until November 2007, when the parties presented the agreement to the court. Defendant's attorney, Chrissie Lee, told the court that, in exchange for defendant's "open" guilty plea to the charges, the State would agree to concurrent sentencing with a sentencing cap of 20 years of incarceration. The State would also amend the charge of aggravated possession of a stolen motor vehicle to simple possession of a stolen motor vehicle, to more closely fit the facts of the case, and it would dismiss the possession-of-stolen-property charge. There was no agreement on whether the dismissed charge could be used against

defendant in sentencing, and Lee said that she had explained to defendant that the court was not bound by the State's sentencing recommendation.

The court admonished defendant, including telling him that he would be sentenced as a Class X offender subject to a sentencing range of 12 to 60 years' incarceration. Defendant stated that he understood. A factual basis was given, which included defendant's confession to the offenses. When the court asked defendant whether any threats or promises had been made to get him to plead guilty, defendant stated, "[e]xcept for the open plea, no." The court accepted the plea and ordered a presentence investigation.

The presentence investigation report showed that defendant was 32 years of age, married, and helping to support six children. While defendant was released on bond, he worked full time, earning approximately $350 per week. He had seven previous felony convictions of burglary, theft, and escape. Defendant earned a GED in 1997. He attended some college classes while incarcerated and was eight credit hours short of a degree in culinary arts. Defendant had been a gang member between the ages of 14 and 22, but he participated in a renunciation program while incarcerated. Defendant reported that he was raised in a dysfunctional home with an alcoholic father who physically abused his mother. Defendant began snorting heroin when he was 17 and used it intravenously after he was 21. He also had problems with alcohol.

At the sentencing hearing, the State presented witnesses who spoke about damages caused by defendant's crimes, including $1,500 to the vehicle that defendant took. The State then sought restitution. The State also asked that the court impose 20 years of incarceration.

Defendant asked for leniency with "a sentence lower than 20 years" and presented evidence in mitigation from Jones. Jones testified that she discovered defendant's drug problem shortly before

they were married in 2005. She was eight months pregnant at that time. She said that, while defendant was out on bond, he was not using drugs. Jones stated that two of her six children were fathered by defendant but that all looked to him as a father figure. Defendant had never been abusive to her or the children, he was involved in the children's education, he participated in their discipline, and he helped to support the family financially. Jones testified that she was employed but unable to support the family on her income alone.

Defendant provided a statement in allocution. He apologized to the victims of the offenses and to his family and said that he committed the crimes to try to get money to support his drug habit. He said that, while he was incarcerated, he learned about the Narcotics Anonymous program and took it seriously. After he was released on bond, he had been drug-free and able to hold a job for the first time.

The court sentenced defendant to 15 years' incarceration and ordered restitution. The court also told defendant of his appeal rights, including misadvising him that, before he could appeal, he had to file within 30 days a written motion to reconsider the sentence or to withdraw the guilty plea.

Defendant moved to reconsider the sentence. After a hearing, the trial court denied defendant's motion, and defendant tendered a notice of appeal. There was then some discussion of whether a Rule 604(d) certificate was required, with the parties concluding that one was unnecessary because defendant was appealing only the sentence.

On May 16, 2008, we remanded based on the lack of a Rule 604(d) certificate. *People v. Edmonson*, No. 2—08—0031 (2008) (unpublished order under Supreme Court Rule 23). In the order, we also noted that, because the State agreed to a sentencing cap, the plea was negotiated. As a result, defendant had no right to move to reconsider his sentence and could move only to withdraw

his plea. We ordered that, on remand, defendant be admonished of the requirements of Rule 604(d) as it pertains to negotiated pleas and be permitted to file a new motion if he chose to do so.

On remand, defendant was admonished of Rule 604(d), and he moved to withdraw his plea. In the motion, he alleged that he did not knowingly, intelligently, or voluntarily waive his rights because he did not understand the court's admonishments and his counsel was ineffective. Lee also filed a motion to withdraw as counsel. The court allowed Lee to withdraw and appointed new counsel.

At the hearing on the motion to withdraw the plea, Lee testified that she had consulted with defendant about his options with respect to the "open plea." She said that she told defendant that, if he accepted the State's offer with the sentencing cap, he could still challenge the sentence by filing a motion to reconsider sentence and by appealing if that motion were denied. She said that she discussed that matter with defendant on several occasions. Defendant provided similar testimony and said that, if Lee had not told him that he would have the right to challenge his sentence, he would not have entered the plea agreement.

The record shows that the parties and the trial court mistakenly believed that defendant could attack his sentence as excessive on appeal from the denial of the motion to withdraw the plea. See *People v. Spriggle*, 358 Ill. App. 3d 447, 454 (2005) (by agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant agrees not to challenge any sentence imposed below that cap on the ground that it is excessive, including on appeal from a motion to withdraw the plea). Thus, after some discussion about defendant's ability to appeal, the court found that Lee had misadvised defendant but that he had not suffered prejudice, because he merely had not been told of

the correct manner in which to attack the length of his sentence. Accordingly, the court denied the motion to withdraw the plea. Defendant filed a timely notice of appeal.

Defendant contends that he should be allowed to withdraw his plea because his counsel was ineffective. He argues that he would not have pleaded guilty had he been correctly informed that he would not be able to challenge the length of his sentence, which he states was excessive because the trial court failed to consider various mitigating factors. The State concedes that defense counsel incorrectly advised defendant but contends that defendant was not entitled to withdraw his plea, because he did not provide evidence that he is actually innocent and because he was not prejudiced by the misinformation, as his sentence was not excessive.

A defendant has no absolute right to withdraw a plea of guilty. *People v. Jamison*, 197 Ill. 2d 135, 163 (2001); *People v. Canterbury*, 313 Ill. App. 3d 914, 917 (2000). "Rather, he must show 'a manifest injustice under the facts involved' to obtain leave to withdraw his plea." *Jamison,* 197 Ill. 2d at 163 (quoting *People v. Pullen*, 192 Ill. 2d 36, 39 (2000)). The defendant bears the burden of showing the necessity for withdrawal. *Canterbury*, 313 Ill. App. 3d at 917. Withdrawal is appropriate if the guilty plea was entered through a misapprehension of the facts or of the law, the defendant has a defense worthy of consideration, or there is doubt of the defendant's guilt and the ends of justice would be better served by submitting the case to a trial. *Jamison*, 197 Ill. 2d at 163. However, we may reverse the trial court's ruling only if the court abused its discretion. *Id.*

Here, as the basis for withdrawing his plea, defendant relied on counsel's advice that he could challenge his sentence. A defendant might enter a guilty plea because of counsel's erroneous advice or omissions, but this fact alone does not destroy the voluntary nature of the plea. *People v. Pugh*, 157 Ill. 2d 1, 14 (1993); see also *People v. Huante*, 143 Ill. 2d 61, 72-73 (1991). Whether the

defendant's plea was voluntary depends on whether the defendant had effective assistance of counsel. *Pugh*, 157 Ill. 2d at 14. To establish that his counsel was ineffective, the defendant must show that (1) counsel's performance was objectively unreasonable; and (2) the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Pugh*, 157 Ill. 2d at 14. To prove "prejudice," the defendant must show a reasonable probability that, absent counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. See *People v. Rissley*, 206 Ill. 2d 403, 457 (2003); *Pugh*, 157 Ill. 2d at 15. If either prong of the *Strickland* test is not met, the defendant's claim fails. *People v. Perry*, 224 Ill. 2d 312, 342 (2007).

There are two cases primarily applicable to this appeal. Defendant relies on *People v. Correa,* 108 Ill. 2d 541, 551-52 (1985), to argue that any affirmative misrepresentation by counsel that causes the defendant to plead guilty results in prejudice. The State, however, relies on our decision in *Spriggle* for the argument that defendant did not suffer any prejudice because he has not shown that his sentence was excessive.

In *Spriggle*, the defendant agreed to plead guilty in exchange for the State's agreement not to seek the death penalty. He was sentenced to 60 years' incarceration, his motion to reconsider the sentence was denied, and he appealed. On appeal, we determined that, because the defendant entered a negotiated guilty plea, he could not file a motion to reconsider his sentence and instead was required to move to withdraw his plea. On remand, the defendant's motion to withdraw the plea was denied, and he appealed, arguing that he misapprehended the law about his ability to challenge the sentence, based on misrepresentations of his counsel and incorrect admonishments by the trial court. We affirmed for two reasons.

First, we determined that, at the time of the plea, the law allowed a defendant to challenge the length of a negotiated sentence via a motion to reconsider. It was after the plea that our supreme court held that a sentence resulting from a negotiated plea could not be challenged with a motion to reconsider. See *Linder*, 186 Ill. 2d at 74. Thus, at the time of the plea, the defendant's counsel and the court advised him correctly and did not make " 'affirmative misrepresentation[s].' " *Spriggle*, 358 Ill. App. 3d at 452 (distinguishing *Correa*, 108 Ill. 2d at 551-52).

Second, we determined that the defendant did not suffer prejudice from his inability to challenge his sentence. We observed that the defendant argued that the trial court did not afford proper weight to certain mitigating factors, and we noted that asking the appellate court to rebalance the factors would not change the outcome of his case. Thus, we held that the trial court did not abuse its discretion by denying the motion to withdraw the plea, because the sentence was not excessive. *Id.* at 453. We then also held that, despite having just addressed the severity of the sentence in regard to the defendant's ability to withdraw his plea, we would not specifically and separately review the issue on appeal from the denial of the motion to withdraw the plea, because a defendant may not challenge the severity of a negotiated sentence on appeal. *Id.* at 454.

In *Correa*, the defendant was allowed to withdraw his guilty pleas after he was misinformed that the pleas would not likely result in deportation. There was no indication that the defendant had a particular defense, that his sentence would have been less had he proceeded to trial, or that he would not be deported had he proceeded to trial. Noting the drastic consequence of deportation, our supreme court found that the pleas were not voluntary. *Correa*, 108 Ill. 2d at 550-51. In doing so, the court found prejudice in that the misrepresentations were a primary factor in the defendant's decision to plead guilty and that he would not have done so had he been correctly advised. *Id.* at 553.

Of particular importance is that in *Spriggle*, we distinguished *Correa* on the basis that the defendant in *Spriggle* was not affirmatively misled. *Spriggle,* 358 Ill. App. 3d at 452. Indeed, in *Spriggle*, the defendant was correctly advised of the law as it existed at the time of the plea.

We find *Correa* controlling in this appeal. Unlike in *Spriggle*, where the defendant was correctly informed based on the law at the time of the plea, it is clear that defendant in the current matter was affirmatively misinformed about his ability to challenge his sentence. The law was clear that he could not challenge his sentence, yet Lee repeatedly told him that he could challenge it if he did not agree with it. Testimony from Lee and defendant clearly showed that defendant relied on the misinformation when he entered his plea and that it played a key role in his decision. Thus, counsel was ineffective, and defendant's plea was not voluntary.

The State argues that defendant has failed to show prejudice because he has not shown that his sentence was excessive. However, because his counsel affirmatively misinformed him, the only prejudice necessary was that, absent the misinformation, he would not have pleaded guilty. To the extent that in *Spriggle* we discussed whether the sentence was excessive to determine prejudice, we decline to do so in defendant's case. In *Spriggle*, the defendant was correctly informed about the law at the time of his plea and we expressly distinguished *Correa* on that basis. But in the present case, unlike in *Spriggle*, defendant was affirmatively misinformed at the time of the plea. That misinformation was central to his decision to plead guilty, resulting in prejudice because he would not have pleaded guilty had he known that he could not challenge his sentence. We further observe that, at the hearing on the motion to withdraw the plea, both the parties and the trial court mistakenly believed that defendant could attack his sentence as excessive on appeal from the denial of the motion

to withdraw the plea. Thus, the trial court's decision at that hearing was also based on misinformation.

Because defendant's counsel affirmatively misinformed him of the law and he would not have pleaded guilty had he been correctly informed, we determine that defendant's plea was involuntary.

Defendant was entitled to withdraw his plea. Accordingly, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded with directions that defendant be allowed to withdraw his plea.

Reversed and remanded with directions.