2016 IL App (2d) 140057
Nos. 2-14-0057 & 2-14-0058 cons.
Opinion filed March 8, 2016

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-1461 |
| WILLIS MITCHELL, | ) ) ) | Honorable M. Karen Simpson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-639 |
| WILLIS MITCHELL, | ) ) ) | Honorable M. Karen Simpson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1     In these consolidated appeals, defendant, Willis Mitchell, argues that the circuit court of

Kane County erred in denying his motion to withdraw his negotiated plea of guilty to a single

count each of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2012))

(case No. 12-CF-639) and resisting a peace officer (720 ILCS 5/31-1(a) (West 2012)) (case No. 12-CF-1461). According to defendant, those pleas were accepted in violation of his constitutional right to the effective assistance of counsel. We vacate and remand.

¶ 2 Defendant's arrest for possession of a controlled substance occurred following a traffic stop on March 29, 2012. In addition to the possession charge, defendant was charged with driving while his license was revoked (625 ILCS 5/6-303(a) (West 2012)) and following too closely (625 ILCS 5/11-710(a) (West 2012)). Defendant was released on bond. The charge of resisting a peace officer stemmed from an incident on July 19, 2012. As a result of that incident, defendant was also charged with two counts of aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2012)) and a single count of unlawful possession of cannabis (720 ILCS 550/4(d) (West 2012)). In each case, defendant was represented by an assistant public defender. A trial date of December 10, 2012, was set for case No. 12-CF-639.

¶ 3 During a court appearance before Judge Allen M. Anderson on November 28, 2012, defendant's attorney, Assistant Public Defender Jillian Weiss, advised the trial court that, although she had anticipated that defendant would enter a negotiated plea, defendant had changed his mind. Defendant then moved for the discharge of his attorney and for the appointment of new counsel in both of his cases. Defendant stated, "[Weiss] is not representing me right." Defendant indicated that she was trying to "make" him plead guilty. Weiss indicated that she was ready to proceed to trial on the scheduled date if defendant did not enter a negotiated plea.

¶ 4 Judge Anderson indicated that there were no grounds for appointing new counsel for defendant. Defendant indicated that he wished to represent himself. The trial court inquired about defendant's age, education, and experience with the justice system. Judge Anderson

accepted defendant's waiver of counsel. Before doing so, however, Judge Anderson cautioned defendant as follows:

> "If I accept the fact that you want to represent yourself *** and you get into this and you are halfway through the trial or in the beginning of trial and you think now I really need the attorney, you are not going to be in the position to have me reappoint, I won't reappoint a lawyer, just so you know that. You can't go along this road of self-representation and say, well, I have changed my mind. So once you make this choice, you are stuck with this choice, and this is a consequence of representing yourself, no matter how difficult it becomes, whatever you run into."

¶ 5     On December 5, 2012 (which was five days before the pending trial date in case No. 12-CF-639), defendant again appeared before Judge Anderson. Defendant indicated that he was not ready for trial. The report of proceedings shows that defendant filed a motion in open court.[1] After the court and the prosecutor reviewed the motion, the following exchange took place:

> "[DEFENDANT]: *** I need counsel. I don't think I could represent myself.
>
> THE COURT: Well, when we were here last, I went through a series of questions with you and you convinced me that you could. You said you were going to be able to do this.
>
> [DEFENDANT]: Because I wasn't getting represented right.

---

[1] The common-law record includes two written motions filed on December 5, 2012. One sought appointment of counsel. The other sought appointment of a "bar association attorney" rather than the public defender.

THE COURT: Well, that wasn't the reason. I can't give you another lawyer. You had a lawyer who I appointed. That lawyer, for whatever reason, you decided you'd rather represent yourself. You don't get to pick and choose lawyers.

[DEFENDANT]: I understand, Your Honor. But she's gonna make me take some time that I don't want to take.

THE COURT: Okay. But I told you, you don't have to plead guilty. You have no burden or obligation to do that.

We didn't get into what she said or didn't say to you. If she was making recommendations, that's fine. That's all that it amounts to. But you're the one making—

[DEFENDANT]: So that was off the record what we—

THE COURT: —the decision to plead guilty or not plead guilty. And you're the only one who can make a decision to go to trial or not go to trial.

\* \* \*

[THE COURT:] So I can't grant your motion. I don't have the ability, nor am I going to change directions on that and appoint somebody else for you.

You had the Public Defender's Office. Whatever reasons, you didn't agree with the strategy and whatever else. In my mind, that doesn't mean she wasn't able to represent you or to go to trial or to deal with the issues. And that's the decision you've made. So you are representing yourself.

[DEFENDANT]: So I'm obligated to just go along with the public defender I got, that whatever she says, that I suppose [*sic*] to just agree with it?

THE COURT: You can disagree with what your attorney says.

[DEFENDANT]: I know. So I don't feel that I could go to trial with her though.

* * *

[THE COURT:] You've made the decision to represent yourself. I'm not going to about [*sic*] go back and say, you now have a lawyer, because you told me you were going to represent yourself. And that's kind of what I told you. It's a decision you needed to make.

I remember saying, you can't later on change your mind. And I asked you several times, Mr. Mitchell, do you understand this is what you're asking for, this is what you're going to do?

[DEFENDANT]: Yeah, I understand what you're saying though. I had time to think about it though.

THE COURT: Well, I appreciate that, that you may have had time to think about it. But the case is set for trial.

I'll give you more time to prepare. You can do what you feel you need. ***

I'm not going to hold you to trial Monday, if you don't think you're ready to go Monday. But that decision you made is a decision that you made. I don't have any reason to change position on that."

¶ 6    Judge Anderson indicated that he would set the case for trial near the end of February 2013. However, defendant expressed interest in engaging in further negotiations with the State. Defendant and the prosecutor were given time to confer privately while Judge Anderson attended to other matters. When the case was recalled that same day (December 5, 2012), defendant and the prosecutor had reached an agreement whereby defendant would plead guilty to the charges of unlawful possession of a controlled substance and resisting a peace officer. The agreement provided that defendant would be sentenced to consecutive prison terms of three years for

unlawful possession of a controlled substance and two years for resisting a peace officer. The trial court accepted defendant's negotiated guilty plea and sentenced defendant in accordance with the agreement. The State nol-prossed the other charges.

¶ 7    Thereafter, defendant timely filed a *pro se* motion to withdraw his guilty plea and vacate the judgment. Although that motion appears only in the common-law record for case No. 12-CF-639 (the controlled-substance case), the parties agree that defendant sought to withdraw his plea of guilty as to both cases. The trial court appointed counsel to represent defendant in connection with his motion. On October 23, 2013, defendant's attorney filed an amended motion in both cases, arguing, *inter alia*, that the trial court erred in accepting defendant's guilty plea without reappointing counsel. The motion was heard by Judge M. Karen Simpson, who concluded that Judge Anderson was not obligated to appoint counsel other than the public defender. Judge Simpson further concluded that it was clear that, if Judge Anderson had offered to reappoint the public defender, defendant would have rejected the offer. Accordingly, Judge Simpson denied defendant's motion. Defendant filed timely notices of appeal in both cases and we consolidated the appeals.

¶ 8    The following principles guide our review of the trial court's ruling on defendant's motion to withdraw his guilty plea:

> "A defendant has no absolute right to withdraw a plea of guilty. [Citations.] 'Rather, he must show "a manifest injustice under the facts involved" to obtain leave to withdraw his plea.' [Citation.] The defendant bears the burden of showing the necessity for withdrawal. [Citation.] Withdrawal is appropriate if the guilty plea was entered through a misapprehension of the facts or of the law, the defendant has a defense worthy of consideration, or there is doubt of the defendant's guilt and the ends of justice would

be better served by submitting the case to a trial. [Citation.] However, we may reverse the trial court's ruling only if the court abused its discretion. [Citation.]" *People v. Edmondson*, 408 Ill. App. 3d 880, 884 (2011).

A guilty plea entered by a defendant who has been deprived of the right to the effective assistance of counsel is not a voluntary plea. *Id.* Under those circumstances, the refusal to permit the defendant to withdraw his or her plea is reversible error. *Id.* at 887.

¶ 9 Here, counsel was initially appointed for defendant, but defendant later waived his right to counsel, opting to represent himself. There is no dispute that the waiver was effective and that, as a result, defendant had no right to counsel. Clearly, had matters continued in that state, defendant could not argue that the lack of counsel rendered his plea involuntary. The point of controversy here is whether defendant revoked the waiver of the right to counsel and, if so, whether Judge Anderson was obligated to reappoint counsel.

¶ 10 In *People v. Baker*, 92 Ill. 2d 85, 91-92 (1982), our supreme court embraced the majority rule that "a competent waiver of counsel by a defendant once made before the court carries forward to all subsequent proceedings unless defendant *later requests counsel* or there are circumstances which suggest that the waiver was limited to a particular stage of the proceedings." (Emphasis added.) Courts must " 'indulge in every reasonable presumption against waiver.' " *People v. Burton*, 184 Ill. 2d 1, 23 (1998) (quoting *Brewer v. Williams*, 430 U.S. 387, 404 (1977)). Similarly, "a reviewing court should make all reasonable presumptions in favor of a revocation of that waiver." *People v. Griffin*, 305 Ill. App. 3d 326, 330 (1999).

¶ 11 After having waived counsel, defendant filed two motions for the appointment of counsel. Neither requested any specific attorney, but one of the motions sought appointment of a "bar association attorney," rather than an attorney from the public defender's office. In that

motion, defendant asserted that the public defender's office was "not equipt [*sic*] to handle the nature of [his] case." Defendant also asserted that every attorney with the public defender's office had a conflict of interest.

¶ 12 It is undisputed that there were no grounds for appointing counsel other than the public defender to represent defendant. Absent a showing that defendant would be prejudiced by the public defender's representation, the trial court lacked the discretion to honor that request. *People v. Adams*, 195 Ill. App. 3d 870, 872 (1990). The State argues that, because "defendant made it clear to the trial court that he did not want the Public Defender," the trial court did not err in refusing to reappoint counsel. We disagree. That defendant did not "want" the public defender to represent him is certainly true insofar as, *if given a choice*, he clearly would have preferred other counsel. However, despite defendant's misgivings about the public defender's ability to represent him, it does not follow that he would have chosen self-representation over reappointment of the public defender's office, if those were his only alternatives.

¶ 13 Because defendant is entitled to every reasonable presumption in favor of his claim that he revoked his prior waiver of counsel (*Griffin*, 305 Ill. App. 3d at 330), we must presume that, having realized the disadvantages of self-representation, he would have preferred to have the public defender's office reappointed. However, during the December 5, 2012, hearing, Judge Anderson conveyed a clear disinclination to reappointing counsel. Judge Anderson reminded defendant that he had established his desire and ability to represent himself. Judge Anderson stressed that it was defendant's choice to represent himself and that he had been warned that he would not be permitted to change his mind. It is not surprising that defendant reprised his complaints about the public defender, possibly hoping to convince Judge Anderson that it had been unfair to force defendant to choose between the public defender and self-representation in

the first place. Under the circumstances, it is difficult to assess how resistant defendant was to representation by the public defender, with self-representation as the only alternative. We note that, although defendant expressed dissatisfaction with the public defender's office as a whole, Weiss was the focus of his complaints. It is at least conceivable that, had the trial court reappointed the public defender's office, the office could have assigned a different assistant public defender to represent defendant. It does not appear that this possibility was ever suggested or explored before defendant entered his guilty plea.

¶ 14　　The State cites *People v. Pratt*, 391 Ill. App. 3d 45 (2009), for the proposition that a defendant has no absolute right to revoke a waiver of counsel. In holding that the trial court acted within its discretion in denying the defendant's post-waiver request for counsel, the *Pratt* court reasoned that "the defendant's right to counsel 'may not be employed as a weapon to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of crime.' " *Id.* at 56 (quoting *People v. Friedman*, 79 Ill. 2d 341, 349 (1980)). Here, however, the trial court was willing to delay the trial for months so that defendant could prepare to represent himself. Reappointing counsel would not have resulted in more delay. The considerations described in *Pratt* did not warrant the trial court's refusal to reappoint counsel for defendant. Indeed, it is hard to discern any reason for Judge Anderson's decision other than to hold defendant to the consequences of his prior waiver. Doing so did not serve the interests of justice, and defendant's guilty plea cannot be allowed to stand based on conjecture that, had his right to counsel been fully respected, he would not have availed himself of it.

¶ 15　　For the foregoing reasons, we vacate the denial of defendant's motion to withdraw his guilty plea and remand the cause to the circuit court of Kane County with directions that the motion be granted.

¶ 16    Vacated and remanded with directions.