# Illinois Official Reports

## Appellate Court

*People v. Beasley*, **2017 IL App (4th) 150291**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ZEBULIN BEASLEY, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0291 |
| Filed | September 26, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 09-CF-145; the Hon. Timothy J. Steadman, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Sonthonax B. SaintGermain, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and Linda McClain, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Steigmann and Appleton concurred in the judgment and opinion. |

¶ 1      Defendant, Zebulin Beasley, appeals from the second-stage dismissal of his amended postconviction petition. On appeal, defendant argues (1) the trial court erroneously concluded his amended postconviction petition failed to make a substantial showing of a constitutional violation, (2) his postconviction counsel provided unreasonable assistance, and (3) the circuit clerk improperly imposed fines against him. We affirm in part and vacate in part.

¶ 2                      I. BACKGROUND

¶ 3                      A. Information

¶ 4      In January 2009, the State charged defendant by information with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2008)), three counts of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)), one count of retail theft (720 ILCS 5/16A-3(a) (West 2008)), one count of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2008)), and one count of unlawful use of a weapon (720 ILCS 5/24-1(a)(7)(iii) (West 2008)). Each count of first degree murder included a sentencing enhancement for the personal discharge of a firearm (730 ILCS 5/5-8-1(a)(1)(d)(ii) (West 2008)).

¶ 5                      B. Plea Hearing

¶ 6      In February 2010, the trial court held a plea hearing. Defendant and the State indicated they reached a fully negotiated plea agreement. As part of that agreement, defendant would plead guilty to the charge of first degree murder (720 ILCS 5/9-1(a)(1) (West 2008)) in exchange for the State moving to amend the information to remove the sentencing enhancement, dismissing all other charges against defendant, and recommending a 30-year prison sentence.

¶ 7      The State moved to amend the information to remove the sentencing enhancement, which the trial court granted. The court admonished defendant as to the offense charged in the amended information and the possible penalties. Defendant indicated he understood. The court also admonished defendant as to the rights he was giving up if he pleaded guilty. Defendant indicated he understood. Defendant expressed his desire to plead guilty and signed a jury waiver.

¶ 8      The State provided the following factual basis in support of the plea:

       "The State's evidence would show that on [January 24, 2009,] at around 12:54 p.m. officers from the Decatur Police Department were dispatched to 1537 East Walnut Street in Decatur on a shots fired call. Upon arrival, they located the victim, Nazareth Lee, in the kitchen area of this residence. The kitchen is just off an enclosed porch. Mr. Lee was laying [*sic*] on his back and had three apparent gunshot wounds. These turned out to be wounds caused by two bullets. One went through his left arm through and through and then entered his chest cavity striking a lung and damaging his aorta. That bullet was recovered. The second one went in the right arm and remained in the right arm, so it was recovered. Mr. Lee was taken to Decatur Memorial Hospital. He died there as a result of internal injuries sustained from the gunshot to his chest. Witnesses at the scene of this offense implicated [defendant] and Cordell Scott as being people involved in the shooting. Cordell Scott was interviewed following his *Miranda* rights

by detectives Frank Hubbard and Charles Hendricks of the Decatur Police Department. Mr. Scott indicated he went to 1537 East Walnut with [defendant]. He, Scott, engaged in an argument with a visitor at the residence named Jamario Freeman on the front porch. Mr. Scott indicates [defendant] stood at the front of the house as this verbal argument went on, and that during the course of the argument, Jamario Freeman retrieved a knife and displayed it, although he did not swing at it or charge Mr. Scott with it. Cordell Scott indicates that at that point [defendant] then fired a gun at Jamario Freeman, and that he and [defendant] ran away after the shots were fired. [Defendant] was interviewed following his *Miranda* rights by Detectives Hubbard and James Atkinson of the Decatur Police Department. He indicated he had received a call that afternoon from a friend saying Jamario Freeman had threatened him with a knife. Cordell Scott decided to fight Jamario Freeman over that threat. The two of them then went to 1537 East Walnut to confront Jamario Freeman. [Defendant] brought along his .38 caliber revolver with him because he said Jamario Freeman was known to have weapons. Jamario Freeman and Cordell Scott engaged in a verbal argument. Cordell Scott then threw a beer bottle at the house. Jamario Freeman went inside, came back outside with a knife, displayed the weapon. And then [defendant] indicates he shot the weapon he carried at Jamario Freeman intending to kill Jamario Freeman. He indicates that he ran after he fired shots. He indicates later he left the area with his sister. He was taken to an alleyway in the 1000 block of East William Street and there hid a gun. The police went to 1044 West William Street and located a firearm beneath the backstairs of the residence there. [Defendant] was questioned concerning this and identified that as the gun that he had used that afternoon. Other bullets besides the one recovered from the victim's body were recovered from the door frame of the residence where this occurred. The bullets from the body and the bullets from the scene along with this firearm were sent to the Illinois State Police Crime Lab for analysis. Vickie Reels, a forensic scientist there, conducted experiments and determined to a reasonable degree of professional certainty that all of the bullets had been fired by the weapon identified by [defendant]. *** Jamario Freeman suffered no injuries as a result of this incident and the victim, Nazareth Lee, had nothing to do with the altercation or the previous altercation that led to the gunfire in this case."

Defendant did not object to the factual basis, and the trial court found it to be sufficient to support the plea.

¶ 9    The trial court questioned defendant as to whether his trial counsel answered all of his questions to his satisfaction, to which defendant indicated he had. The court accepted the plea, finding it to be knowingly and voluntarily made, and sentenced defendant to 30 years' imprisonment with credit for time served in presentence custody. The record shows defendant was later assessed certain fines and fees, including (1) a $5 Crime Stoppers assessment, (2) a $5 youth diversion assessment, (3) a $25 violent crime victims assistance assessment, and (4) a $10 arrestee's medical assessment.

¶ 10    After rendering its sentence, the trial court admonished defendant as to his appellate rights and his need to file a motion to withdraw his guilty plea within 30 days to preserve his right to appeal. Defendant indicated he understood the court's admonishments.

## C. *Pro Se* Postconviction Petition

In December 2011, defendant filed a *pro se* postconviction petition, alleging, in part, he received ineffective assistance "[w]hen [t]rial counsel failed to file a [m]otion to [w]ithdraw his [g]uilty [p]lea, where he repeated[ly] asked his [attorney] to file an [a]ppeal." In support of his claim, defendant alleged (1) he notified counsel of his desire to withdraw his guilty plea, (2) he requested counsel to file "a [m]otion to withdraw his [p]lea and appeal," (3) counsel indicated he would visit him at the jail on a later date to discuss the reasons for withdrawal, (4) counsel never visited him at the jail, and (5) counsel did not file a motion to withdraw his guilty plea. Defendant attached to his petition a personal affidavit, which realleged the above facts and added he felt like he was in a "no win" situation and accepted the plea based upon counsel's statement he did not think they would win the case if it went to trial.

That same month, the trial court advanced defendant's petition to the second stage of postconviction proceedings and appointed counsel to represent defendant.

## D. Addendum to Defendant's Postconviction Petition

In September 2014, defendant, through appointed counsel, filed an addendum to his postconviction petition, which set forth additional independent claims of ineffective assistance of trial counsel. In part, defendant alleged the following:

"1. Counsel failed to file a [m]otion to [s]uppress [d]efendant's 'in[-]custody statements', even though [d]efendant informed his counsel *** that he was 'under the influence of three-mind altering substances['] and was not 'completely cognizant' at the time of his statements. ***

2. Counsel denied [d]efendant of his right to assert the defense, 'defense of another', by incorrectly informing the [d]efendant that 'self-defense' is only available if [d]efendant himself 'was in harm's way', and refused to further investigate or to even discuss the matter. By doing so, [c]ounsel deprived the [d]efendant of his right to present one of the defenses available to the charges outstanding against the [d]efendant.

3. *** That in counsel's effort to obtain [d]efendant's approval of the [plea] offer, counsel informed [d]efendant that, at trial, he would not be entitled to an instruction of a lesser included charge, at a time counsel knew that said possibility did exist. That by counsel's failure to fully inform [d]efendant of his choices and the law, counsel deprived [d]efendant of his right to effective assistance of counsel."

Defendant attached to his addendum his April 8, 2009, notarized statement, which requested his in-custody statements be suppressed because he was under the influence of marijuana, cocaine, and alcohol when giving those statements. Defendant, through counsel, later filed a second personal affidavit in support of these additional claims.

## E. State's Amended Motion To Dismiss Defendant's
## Amended Postconviction Petition

In October 2014, the State filed a motion to dismiss defendant's amended postconviction petition, which it later amended. The State asserted defendant failed to make a substantial showing of a constitutional violation. In particular, the State argued, even if the trial court were to assume defendant asked his trial counsel to file a motion to withdraw his guilty plea,

defendant failed to show he suffered prejudice by counsel's failure to do so.

¶ 18                    F. Hearing on the State's Amended Motion To Dismiss
                          Defendant's Amended Postconviction Petition

¶ 19        In March 2015, the trial court held a hearing on the State's amended motion to dismiss defendant's amended postconviction petition. Defendant's postconviction counsel filed a certificate in compliance with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). Following arguments, the court dismissed defendant's petition, finding it failed to make a substantial showing of a constitutional violation.

¶ 20        This appeal followed.

¶ 21                                    II. ANALYSIS

¶ 22        On appeal, defendant argues (1) the trial court erroneously concluded his amended postconviction petition failed to make a substantial showing of a constitutional violation, (2) his postconviction counsel provided unreasonable assistance, and (3) the circuit clerk improperly imposed fines against him.

¶ 23                               A. Trial Court's Dismissal

¶ 24        Defendant asserts the trial court erroneously concluded his amended postconviction petition failed to make a substantial showing of a constitutional violation. Defendant contends his petition makes a substantial showing his trial counsel provided ineffective assistance by (1) failing to perfect his right to appeal by filing a motion to withdraw his guilty plea and (2) affirmatively misadvising him on a plausible defense and an available lesser offense of second degree murder.

¶ 25        At the second stage of postconviction proceedings, the trial court determines whether a defendant's postconviction petition and any accompanying documentation make a " 'substantial showing of a constitutional violation.' " *People v. Domagala*, 2013 IL 113688, ¶ 33, 987 N.E.2d 767 (quoting People v. Edwards, 197 Ill. 2d 239, 246, 757 N.E.2d 442, 446 (2001)). In making this determination, the court accepts all well-pleaded facts as true, unless they are affirmatively refuted by the record. *Id.* ¶ 35. The defendant bears the burden of making a substantial showing of a constitutional violation. *Id.* We review a trial court's second-stage dismissal *de novo. People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006).

¶ 26        "[T]he sixth amendment [(U.S. Const., amend. VI)] guarantees a defendant the right to effective assistance of counsel at all critical stages of the criminal proceedings, which include the entry of a guilty plea." *People v. Hughes*, 2012 IL 112817, ¶ 44, 983 N.E.2d 439. Claims of ineffective assistance of counsel are governed by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). See *People v. Albanese*, 104 Ill. 2d 504, 526-27, 473 N.E.2d 1246, 1255-56 (1984) (adopting *Strickland*). To succeed on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance resulted in prejudice. *Strickland*, 466 U.S. at 687; *Hughes*, 2012 IL 112817, ¶ 44, 983 N.E.2d 439. To satisfy the deficiency prong of *Strickland*, counsel's performance must be so deficient that counsel was "not functioning as the 'counsel' guaranteed by the sixth amendment." *People v. Easley*, 192 Ill. 2d 307, 317, 736

N.E.2d 975, 985 (2000). To satisfy the prejudice prong of *Strickland*, the defendant must demonstrate, but for counsel's deficient performance, there is a reasonable probability the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694; *People v. Houston*, 226 Ill. 2d 135, 144, 874 N.E.2d 23, 29 (2007). Failure to satisfy either prong defeats the claim. *Strickland*, 466 U.S. at 697; *People v. Coleman*, 183 Ill. 2d 366, 397, 701 N.E.2d 1063, 1079 (1998). This court may dispose of a claim on prejudice grounds alone, without deciding whether counsel's performance was deficient. *People v. Munson*, 171 Ill. 2d 158, 184, 662 N.E.2d 1265, 1276 (1996).

¶ 27 Defendant asserts his amended postconviction petition makes a substantial showing his trial counsel provided ineffective assistance by failing to perfect his right to appeal by filing a motion to withdraw his guilty plea. Specifically, defendant asserts (1) counsel provided constitutionally deficient performance by failing to file a motion to withdraw his guilty plea after he requested counsel do so and (2) his addendum to his postconviction petition alleged grounds that could have been presented in a motion to withdraw his guilty plea.

¶ 28 Under the second prong of *Strickland*, defendant cites our supreme court's decision in *People v. Edwards*, 197 Ill. 2d 239, 757 N.E.2d 442 (2001), for the proposition a showing of prejudice at the second stage of postconviction proceedings requires him *only* to allege grounds that could have been presented in the motion to withdraw his guilty plea. In *Edwards*, our supreme court held, where a defendant alleges counsel failed to perfect his appeal by first filing a motion to withdraw the guilty plea, prejudice is presumed at the first stage of postconviction proceedings. *Id.* at 257, 757 N.E.2d at 452. It reasoned:

> "Whether *** defense counsel's decision not to file a motion to withdraw the guilty plea constitutes ineffective assistance of counsel requires the appointment of an attorney who will be able to consult with defendant regarding his claim and explore in more detail the factual and legal ramifications of defendant's claim." *Id.*, 757 N.E.2d at 452-53.

The court explicitly limited its holding to whether the trial court erred in dismissing the defendant's postconviction petition at the first stage of the postconviction proceedings. *Id.*, 757 N.E.2d at 453. In doing so, the court explained:

> "To merit an evidentiary hearing on his claim that he told his trial counsel to file a motion to withdraw his guilty plea and that counsel was constitutionally ineffective for failing to do so, defendant will have to make a substantial showing to that effect. See *Coleman*, 183 Ill. 2d at 381, 701 N.E.2d [at 1072]. Such a showing will necessarily entail some explanation of the grounds that could have been presented in the motion to withdraw the plea. Since defendant will be at the second stage of the post-conviction proceedings and will be represented by an attorney, rather than proceeding *pro se*, this will not present an unreasonable burden." *Id.* at 257-58, 757 N.E.2d at 453.

¶ 29 Conversely, the State cites the Second District's decision in *People v. Gomez*, 409 Ill. App. 3d 335, 947 N.E.2d 343 (2011), for the proposition a showing of prejudice at the second stage of postconviction proceedings requires a defendant "must explain his grounds for moving to withdraw his plea and establish a reasonable probability that the motion would have been granted." In *Gomez*, the defendant argued prejudice must be presumed where his trial counsel failed to file a motion to withdraw his guilty plea after being requested to do so. *Id.* at 339, 947 N.E.2d at 347. The Second District rejected defendant's argument, finding, in part:

"Because defendant's petition survived summary dismissal, he had to establish at stage two, pursuant to *Edwards*, on what justifiable basis he could have moved to withdraw his guilty plea and that there was a reasonable probability that the motion would have been granted allowing defendant to withdraw his plea of guilty." *Id.* at 340, 947 N.E.2d at 348.

¶ 30    After considering the parties' arguments, we find the State's position to be persuasive. As our courts have long held, to avoid dismissal at the second stage of postconviction proceedings, a postconviction petition must make a "substantial showing" of a constitutional violation. *Coleman*, 183 Ill. 2d at 381, 701 N.E.2d at 1072 (cases cited therein). In fact, in *Edwards*, 197 Ill. 2d at 257-58, 757 N.E.2d at 453, the supreme court, citing *Coleman*, made it clear the defendant was entitled to an evidentiary hearing only if he made a "substantial showing" he told counsel to file a motion to withdraw the guilty plea and counsel was constitutionally ineffective for failing to do so. Were we to accept defendant's position, a defendant would be entitled to an evidentiary hearing as long as he or she alleged some ground that could have been raised in a motion to withdraw the guilty plea, regardless of whether that ground is wholly arbitrary or fanciful. Defendant's position runs afoul of the standard by which our courts have consistently evaluated petitions at the second stage of postconviction proceedings. We conclude, to establish prejudice at the second stage of postconviction proceedings, a postconviction petition must not only allege grounds that could have been presented in a motion to withdraw the guilty plea but also show a reasonable probability the motion would be granted on those grounds. See *Gomez*, 409 Ill. App. 3d at 340, 947 N.E.2d at 348. Such a requirement does not impose an unreasonable burden on a defendant who will be represented by counsel at this stage of the postconviction proceedings. See *Edwards*, 197 Ill. 2d at 258, 757 N.E.2d at 453.

¶ 31    Even under this standard, defendant suggests he has established prejudice because his addendum to his postconviction petition alleged grounds by which it is reasonably probable he would have been allowed to withdraw his guilty plea. Specifically, defendant suggests he would have been entitled to withdraw his guilty plea because his trial counsel provided ineffective assistance when he affirmatively misadvised him as to a plausible defense and the availability of the lesser-included offense of second degree murder.

¶ 32    A defendant has no absolute right to withdraw a plea of guilty. *People v. Delvillar*, 235 Ill. 2d 507, 520, 922 N.E.2d 330, 338 (2009). "Rather, he must show 'a manifest injustice under the facts involved' to obtain leave to withdraw his plea." *People v. Jamison*, 197 Ill. 2d 135, 163, 756 N.E.2d 788, 802 (2001) (quoting *People v. Pullen*, 192 Ill. 2d 36, 39, 733 N.E.2d 1235, 1237 (2000)). "In considering such a motion, the court shall evaluate whether the guilty plea was entered through a misapprehension of the facts or of the law, or if there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial." *Pullen*, 192 Ill. 2d at 40, 733 N.E.2d at 1237. "A defendant may enter a guilty plea because of some erroneous advice by counsel, but that fact alone does not destroy the voluntary nature of the plea ***." *People v. Cunningham*, 286 Ill. App. 3d 346, 349, 676 N.E.2d 998, 1001 (1997). Rather, the defendant must establish he was provided ineffective assistance to demonstrate the plea was involuntary. *People v. Edmonson*, 408 Ill. App. 3d 880, 884, 946 N.E.2d 997, 1001 (2011); *People v. Clark*, 386 Ill. App. 3d 673, 676, 899 N.E.2d 342, 345 (2008). Again, under *Strickland*, a defendant must show (1) counsel's performance was

objectively unreasonable and (2) the deficient performance resulted in prejudice. *Strickland*, 466 U.S. at 687; *Hughes*, 2012 IL 112817, ¶ 44, 983 N.E.2d 439.

¶ 33    Initially, under the second prong of *Strickland*, both defendant and the State presented argument under our supreme court's decisions in *People v. Hall*, 217 Ill. 2d 324, 841 N.E.2d 913 (2005), and *Hughes*. Following the briefing in this case, defendant filed a motion to cite additional authority, *Lee v. United States*, 582 U.S. ___, 137 S. Ct. 1958 (2017), which this court granted. In his motion, defendant asserted the Supreme Court's decision in *Lee* is directly at odds with our supreme court's decisions in *Hall* and *Hughes*. We conclude we need not address defendant's argument as his claims are fatally flawed in another respect.

¶ 34    Defendant alleged his trial counsel's performance "deprived [him] of his right to present one of the defenses available to the charges outstanding against [him]" and "[t]hat in counsel's effort to obtain [his] approval of the [plea] offer, counsel informed [him] that, at trial, he would not be entitled to an instruction of a lesser included charge, at a time counsel knew that said possibility did exist." Defendant did not allege he would have not pleaded guilty but would instead have gone to trial had he been correctly informed (1) self-defense included defense of another and (2) a lesser-included offense instruction was available at trial. He further did not allege he would have chosen to submit the defense-of-another or lesser-included offense jury instructions. Defendant, in effect, raised only the violation of his right to choose. Defendant suggests he sufficiently alleged prejudice based on his statement in his first affidavit indicating he pleaded guilty because he felt like he was in a "no win" situation. His statement, however, is both vague and conclusory. We find defendant's amended postconviction petition failed to establish the necessary showing of prejudice. See *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (finding the petitioner failed to establish prejudice where he did not allege he would have pleaded not guilty and insisted on going to trial had counsel correctly informed him of his parole eligibility date); *People v. Rivera*, 2014 IL App (2d) 120884, ¶ 13, 5 N.E.3d 745 (finding the defendant failed to establish prejudice where he raised only the violation of his right to choose whether to submit a jury instruction); *People v. Barkes*, 399 Ill. App. 3d 980, 990-91, 928 N.E.2d 102, 113 (2010) (finding an evidentiary hearing was not warranted on those claims that were vague or conclusory and failed to show the defendant's specific wishes were frustrated); *Coleman*, 183 Ill. 2d at 381, 701 N.E.2d at 1072 (noting nonspecific assertions, which merely amount to conclusions, are not sufficient to require an evidentiary hearing).

¶ 35    Because defendant's amended postconviction petition fails to show he was prejudiced by the advice his trial counsel rendered, his independent claims of ineffective assistance must fail. Because defendant has failed to allege grounds by which it is reasonably probable he would have been allowed to withdraw his guilty plea, his claim of ineffective assistance for trial counsel's failure to file a motion to withdraw his guilty plea must also fail. We find the trial court properly dismissed defendant's amended postconviction petition as it failed to make a substantial showing of a constitutional violation.

¶ 36                          B. Postconviction Counsel's Performance

¶ 37    Defendant contends his postconviction counsel provided unreasonable assistance by including a claim of ineffective assistance for trial counsel's failure to file a motion to suppress his in-custody statements without supporting it with proper evidentiary material.

¶ 38    At the second stage of postconviction proceedings, a defendant is entitled to a "reasonable" level of assistance. *People v. Cotto*, 2016 IL 119006, ¶ 42, 51 N.E.3d 802. To ensure counsel provides a reasonable level of assistance, Illinois Supreme Court Rule 651(c) imposes specific duties on postconviction counsel. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007). Rule 651(c) requires postconviction counsel to (1) consult with the defendant to ascertain his contentions of the deprivation of constitutional rights, (2) examine the record of the trial court proceedings, and (3) make any amendments to the defendant's *pro se* petition necessary to adequately present the defendant's claims. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 39    "The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule." *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25, 67 N.E.3d 976. Our supreme court has also stated, "[i]n the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *People v. Johnson*, 154 Ill. 2d 227, 241, 609 N.E.2d 304, 311 (1993).

¶ 40    Defendant does not dispute his postconviction counsel filed a certificate in compliance with Illinois Supreme Court Rule 651(c), thereby giving rise to the presumption counsel complied with the rule and provided reasonable assistance. Defendant asserts, however, that presumption has been rebutted where his counsel attached only his notarized statement to his petition, which made a bare allegation he was under the influence of marijuana, cocaine, and alcohol, without any "showing he no longer had the capacity to waive his rights." Defendant fails to consider or address the fact his counsel also provided the trial court with his second personal affidavit in support of his claim. Defendant further fails to allege what additional supporting documentation his postconviction counsel could have attached to his petition to show he no longer had the capacity to waive his rights. See *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10, 74 N.E.3d 24 ("Absent a showing of available material for supporting affidavits, a failure to present affidavits obviously cannot be considered a neglect by the attorney." (Internal quotation marks omitted.)). Given the arguments presented, we find defendant has failed to rebut the presumption his postconviction counsel provided reasonable assistance.

¶ 41                              C. Clerk-Imposed Fines

¶ 42    Defendant argues the circuit clerk improperly imposed fines against him. Specifically, defendant complains of the following assessments: (1) a $5 Crime Stoppers assessment, (2) a $5 youth diversion assessment, (3) a $25 violent crime victims assistance assessment, and (4) a $10 arrestee's medical assessment. The State concedes these assessments should be vacated as they are fines improperly imposed by the circuit clerk.

¶ 43    The imposition of a fine is exclusively a judicial act. *People v. Smith*, 2014 IL App (4th) 121118, ¶ 18, 18 N.E.3d 912. A circuit clerk has no authority to impose fines, and any fines imposed by the circuit clerk are void from their inception. See *People v. Warren*, 2016 IL App (4th) 120721-B, ¶ 89, 55 N.E.3d 117. Where a circuit clerk imposed fines, a reviewing court must only vacate them, because a remand for the trial court to correct such an error results in an impermissible increase in the defendant's sentence on remand, which goes against our supreme court's decision in *People v. Castleberry*, 2015 IL 116916, ¶ 25, 43 N.E.3d 932. *People v. Daily*, 2016 IL App (4th) 150588, ¶ 30, 74 N.E.3d 15.

¶ 44    The record is devoid of an order, written or oral, by the trial court judge authorizing the imposition of the assessments defendant challenges. Instead, the circuit clerk imposed them. The $5 Crime Stoppers assessment is a fine. 730 ILCS 5/5-6-3(b)(13) (West 2010); *People v. Hible*, 2016 IL App (4th) 131096, ¶ 18, 53 N.E.3d 319. The $5 youth diversion assessment is a fine. 55 ILCS 5/5-1101(e) (West 2010); *People v. Graves*, 235 Ill. 2d 244, 251, 919 N.E.2d 906, 910 (2009). The $25 violent crime victims assistance assessment is a fine. 725 ILCS 240/10(c)(1) (West 2010); *Smith*, 2014 IL App (4th) 121118, ¶ 63, 18 N.E.3d 912. The $10 arrestee's medical assessment is a fine. 730 ILCS 125/17 (West 2010); *Warren*, 2016 IL App (4th) 120721-B, ¶ 119, 55 N.E.3d 117. Because the circuit clerk improperly imposed these fines, we vacate them.

¶ 45                                III. CONCLUSION

¶ 46    We (1) affirm the trial court's dismissal of defendant's amended postconviction petition; (2) vacate the $5 Crime Stoppers assessment, $5 youth diversion assessment, $25 violent crime victims assistance assessment, and $10 arrestee's medical assessment; and (3) award the State its $75 statutory assessment as costs of this appeal (55 ILCS 5/4-2002(a) (West 2016)).

¶ 47    Affirmed in part and vacated in part.