**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190421-U

Order filed October 28, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0421 Circuit No. 15-CF-2150 |
| | ) ) | Honorable |
| THOMAS L. HOLLEY, | ) ) | Carla Alessio Policandriotes and Carmen Goodman, |
| Defendant-Appellant. | ) | Judges, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice Lytton and Justice McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court's denial of defendant's motion to withdraw guilty plea is affirmed as the record is inadequate to determine whether plea counsel provided ineffective assistance before defendant entered the plea.

¶ 2     Defendant, Thomas L. Holley, appeals the Will County circuit court's denial of his motion to withdraw his guilty plea. Defendant argues the court erred in denying his motion because his plea was unknowing and involuntary where counsel failed to advise him of the possibility that he could spend part or all of his mandatory supervised release (MSR) term in prison. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4         Defendant entered a blind guilty plea to charges of predatory criminal sexual assault of a

child (720 ILCS 5/11-1.40(a)(1) (West 2014)) and criminal sexual assault (*id.* § 11-1.20(a)(3)). In

exchange for his plea, the State dismissed several other charges, and the La Salle County State's

Attorney agreed not to prosecute defendant for the sex crimes that occurred there. At the time of

the plea, defendant was represented by private counsel.

¶ 5         Before accepting the plea, the court admonished defendant of the sentencing range and the

three-years to life term of MSR for each charge. Defendant indicated that he understood the

applicable sentences and that counsel had explained to him the consequences of pleading guilty.

Defendant stated that he was not offered anything other than the dismissal of certain charges in

exchange for his guilty plea, and he was not forced or threatened to plead guilty. Defendant said

he was satisfied with counsel's representation. Following a contested sentencing hearing, the court

sentenced defendant to 28 years' imprisonment for predatory criminal sexual assault of a child,

and a consecutive term of 8 years' imprisonment for criminal sexual assault. The court imposed

an MSR term of three-years to life for each conviction.

¶ 6         Counsel filed a motion to reconsider sentence, which the court later denied. On appeal, we

remanded the cause due to counsel's failure to file a certificate in compliance with Illinois Supreme

Court Rule 604(d) (eff. July 1, 2017). *People v. Holley*, No. 3-18-0356 (2018) (unpublished minute

order).

¶ 7         On remand, defendant filed, as a self-represented litigant, a motion to withdraw his guilty

plea. At the hearing on defendant's motion, defendant argued:

          "So [counsel] had done nothing for me but set me up to go to prison for life. He

          knows even if I would have got charged with all four, I would have got charged

                                              2

with life. So either way you look at it, it's the fact of life I got. I never got no deal out of it by pleading guilty. I was never told I could get violated at the door." [1]

The court asked defendant what he meant by being "violated at the door," and defendant responded,

"Well, if I happen to live to be 90 years old and I go to get out, if I have no place to live, I would be stuck in prison the rest of my life. That wasn't explained. It would have made a big difference going in. If he would have come up and told me the fact of life, that I was going to do life by time because of my age and the time I could have got, he never said don't take this plea. He begged me. He said take this plea, we need to get a new judge.

\* \* \*

\*\*\* And he never told me about being turned back at the door if you don't have a place to live."

¶ 8        The court denied defendant's motion. Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10        Defendant argues that the circuit court erred in denying his motion to withdraw his guilty plea because plea counsel failed to advise him of the possibility that he could spend part or all of his MSR term in prison. We find the record to be inadequate to decide this claim as it includes no indication of what advice counsel gave defendant prior to the entry of the guilty plea.

---

[1] " 'Violating an offender at the door is a legal fiction wherein it is imagined that the offender is released from custody, placed on MSR, but when he leaves the institution he is in violation of his supervision terms and he is immediately placed back in custody. In reality, the offender simply remains incarcerated until a MSR prerequisite is satisfied. This can continue until either (1) the term of MSR expires, or (2) the prerequisite is satisfied.' " *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 9 (quoting *Armato v. Grounds*, 944 F. Supp. 2d 627, 631 n.3 (C.D. Ill. 2013)).

¶ 11 "A defendant does not have an automatic right to withdraw a plea of guilty. [Citation.] Rather, defendant must show a manifest injustice under the facts involved." *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009). A circuit court's decision to allow a defendant to withdraw his guilty plea is reviewed for an abuse of discretion. *People v. Pullen*, 192 Ill. 2d 36, 39-40 (2000). "In considering such a motion, the court shall evaluate whether the guilty plea was entered through a misapprehension of the facts or of the law, or if there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial." *Id.* at 40.

¶ 12 The fact that a defendant may have entered a guilty plea relying on erroneous advice from counsel does not by itself render a guilty plea involuntary. *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 32. Defendant must establish that he received ineffective assistance of counsel to show that his plea was involuntary. *Id.* Specifically, " 'counsel's performance was objectively unreasonable under prevailing professional norms and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' " *People v. Veach*, 2017 IL 120649, ¶ 30 (quoting *People v. Domagala*, 2013 IL 113688, ¶ 36, quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy any one of the prongs precludes a finding of ineffectiveness." *People v. Simpson*, 2015 IL 116512, ¶ 35.

¶ 13 A defendant is required to raise an ineffective assistance of counsel claim on direct review if the claim is apparent on the record. See *People v. Kokoraleis*, 159 Ill. 2d 325, 328 (1994). If the record is incomplete or inadequate, a defendant's ineffective assistance claim may be better suited to review under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)). See *Veach*, 2017 IL 120649, ¶ 46. "Collateral review is appropriate for deciding ineffective assistance

4

claims if the necessary facts are not in the trial record." *People v. Williams*, 2019 IL App (3d) 160412, ¶ 34.

¶ 14 In the present case, the record is inadequate for us to resolve defendant's claim of ineffective assistance of plea counsel. The record contains no indication as to whether counsel advised defendant that he could be made to serve a life term of MSR in prison because he did not have suitable housing at the time of his release. The record only contains defendant's contentions that counsel did not advise him of this possible consequence. As the record is silent as to counsel's advice, we affirm defendant's conviction. In doing so, we take no position on the merits of defendant's ineffective assistance claim and note that defendant may pursue this claim in a collateral proceeding where counsel and defendant have an opportunity to testify as to their preplea conversations.

¶ 15                                                    III. CONCLUSION

¶ 16 The judgment of the circuit court of Will County is affirmed.

¶ 17 Affirmed.