NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240106-U

NO. 4-24-0106

IN THE APPELLATE COURT

FILED
April 11, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| EMMITT WRIGHT, | ) | No. 97CF1566 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John T. Gibbons, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Lannerd and Cavanagh concurred in the judgment.

## ORDER

¶ 1    *Held*: Postconviction counsel provided reasonable assistance during second-stage
postconviction proceedings.

¶ 2    Defendant, Emmitt Wright, filed a postconviction petition related to his March

1999 conviction for first degree murder (720 ILCS 5/9-1(a)(2) (West 1996)). The petition was

advanced to the second stage, and counsel was appointed to represent him in further

postconviction proceedings. In April 2023, the trial court denied defendant's second amended

postconviction petition at the second stage. Defendant appeals, arguing he was denied the

reasonable assistance of postconviction counsel where counsel failed to (1) amend defendant's

proportionate penalties claim into proper legal form and (2) attach evidentiary support for

defendant's claim. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          Following a March 1999 jury trial, defendant was convicted of first degree

murder (720 ILCS 5/9-1(a)(2) (West 1996)) related to the shooting death of Marvin Prince.

Defendant was 18 years old at the time of the offense.

¶ 5          At the sentencing hearing, the trial court stated it considered the evidence at trial,

the presentence investigation report (PSI), the financial impact of incarceration, the evidence in

aggravation and mitigation, and defendant's statement on his behalf. The court noted defendant

had previously been sentenced to natural life in prison in Winnebago County case No.

97-CF-671 in August 1998. The court determined defendant's conduct constituted exceptionally

brutal or heinous behavior indicative of wanton cruelty. The court sentenced defendant to a term

of natural life imprisonment, to be served consecutive to his term of natural life imprisonment in

case No. 97-CF-671.

¶ 6          On direct appeal, defendant challenged whether (1) the evidence was sufficient to

prove his guilt beyond a reasonable doubt and (2) the trial court erred in denying his motion for

substitution of judge for cause. *People v. Wright*, No. 2-99-0518 (Oct. 26, 2000) (unpublished

order under Illinois Supreme Court Rule 23). The appellate court affirmed defendant's

conviction and sentence. *Id.*

¶ 7          In March 2010, defendant filed a motion titled "Petitioner's Petition for Relief

from Judgment/Post-Conviction," which presented several constitutional claims related to the

statutes under which he was convicted. The trial court asked defendant to clarify if he intended

the petition to be a postconviction petition under the Post-Conviction Hearing Act (Act) (725

ILCS 5/122-1 *et seq.* (West 2010)) or a petition for relief from judgment under section 2-1401 of

the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). Defendant then filed a motion

titled "Motion To Perfect Statutory Provisions To Read As A Relief From Judgment Under 735 ILCS, Act-5, Section 2-1401(f) In Regards To Both Case Numbers 97-CF-671 And 97-CF-1566," declaring his previous petition was a petition for relief from judgment. The petition was dismissed for lack of jurisdiction due to defective service.

¶ 8     In March 2020, defendant filed a "Successive Post-Conviction Petition." In the petition, defendant contended his sentences in this case and in case No. 97-CF-671 were unconstitutional as applied to him, citing a series of federal and Illinois cases, including *Miller v. Alabama*, 567 U.S. 460 (2012), which represented the changing law of sentencing for juveniles and young adult offenders. The petition argued his sentence was unconstitutional under the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because he was 18 years old at the time of the offense and the trial court did not consider his youth and rehabilitative potential when sentencing him to a mandatory life sentence. Defendant stated he "acknowledge[s] that the majority of the cases dealing with mandatory life sentences don't control his case because he was 18 years old at the time of the offense and those cases deal with juvenile offenders," but he argued the cases were "encouragement for the court to determine his sentence was unconstitutional." The record does not demonstrate any action was taken on this petition.

¶ 9     In August 2020, defendant filed a "Motion For Leave To File A Post-Conviction Motion For Resentence," which included a "Successive Post-Conviction Petition" and only referenced the instant case. In the petition, defendant made the same constitutional claims regarding his sentence. However, defendant stated, he

"was 17 years old at the time of the offense and acknowledge that majority of the

cases dealing with mandatory life sentences is exactly what controls his case because he was Seventeen (17) years old at the time of the offense and presents that the courts has determined that his sentence was unconstitutional."

¶ 10        Although labeled as a successive postconviction petition, the trial court determined that the petition was an initial postconviction petition, advanced the petition to the second stage, and appointed counsel to represent defendant.

¶ 11        In February 2022, appointed counsel filed an amended postconviction petition. The petition stated defendant was born June 1, 1978, the offense occurred on July 31, 1996, and defendant was 17 years old on the date of the offense. At a June 2022 hearing, appointed counsel informed the trial court he needed to amend the postconviction petition to reflect defendant's actual age of 18 at the time of the offense.

¶ 12        In December 2022, appointed counsel filed the second amended postconviction petition. The introduction stated petitioner was alleging "that the natural life sentence imposed following trial for murder [was] in violation of the 8th Amendment of the United States Constitution as applied to him." Addressing *Miller* and its progeny, the petition argued the case law around the sentencing of emerging adults was evolving, stating:

> "In recent years, the United States Supreme Court have expanded their determination that a life sentence for a juvenile offender may be a violation of the Eighth Amendment. The Supreme Court of Illinois, expanding on those rulings, has indicated that the Illinois Constitution may limit life sentences for emerging adults. [Defendant] relies on this recent branch of case law to claim as a basis for this petition."

After discussing the developing case law in Illinois surrounding the sentencing of juveniles and

emerging adults, the petition continued:

> "[Defendant] asserts that the trial court judge did not consider his age or rehabilitative potential at sentencing. As case law has made clear, a judge may sentence a juvenile to life only after considering the juvenile's tender age and its attendant characteristics. The [PSI] was not developed in such a way to consider whether [defendant] possessed the characteristics of a juvenile having just turned 18 in the month prior to the date of the offense. Absent those considerations, the natural life sentence imposed on [defendant] violates the Proportionate Penalties Clause of the Illinois Constitution as applied to him, and the Eighth Amendment prohibition against cruel and unusual punishments in the United States Constitution as well."

Attached to the petition were defendant's August 2020 *pro se* petition, the sentencing order, the indictment, the PSI, and the transcript from the sentencing hearing.

¶ 13 The State filed a motion to dismiss defendant's petition, contending the petition was untimely filed, the issues were forfeited because they were not raised on direct appeal, defendant's claims were not cognizable under the Act as to the proportionate penalties clause, and defendant failed to state a claim under the eighth amendment.

¶ 14 At the April 2023 hearing, counsel acknowledged he had not yet filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), but he assured the trial court he had "received from [defendant's] family the entire record" and had "scheduled *** calls with [defendant] before almost every court date and certainly before filing the various filings," so it was "just a matter of just getting that certificate done." Counsel's Rule 651(c) certificate was filed the following day.

¶ 15　　　　Counsel's argument at the hearing focused on the timeliness of the petition. Counsel argued defendant was not culpably negligent for bringing his postconviction petition 18 years late because his claim was not cognizable until recent developments in the case law and changes in the scientific understanding of emerging adults. The trial court granted the State's motion to dismiss, finding although the science had evolved around emerging adults, the procedural tools were available to defendant at the time of his direct appeal.

¶ 16　　　　Thereafter, defendant filed a motion to reconsider, which the trial court denied.

¶ 17　　　　This appeal followed.

¶ 18　　　　　　　　　　　　　II. ANALYSIS

¶ 19　　　　On appeal, defendant argues postconviction counsel failed to comply with the requirements of Rule 651(c). Specifically, defendant argues counsel provided unreasonable assistance by failing to (1) amend defendant's proportionate penalties claim into proper legal form and (2) attach evidentiary support for defendant's claim.

¶ 20　　　　"The [Act] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12. The Act provides a three-stage process for petitions. *Id.* ¶ 45. At the second stage, the trial court may appoint counsel to represent an indigent defendant, and the State may answer or move to dismiss the petition. *People v. Huff*, 2024 IL 128492, ¶ 19. "If the allegations in the petition, supported by affidavits, records, or other evidence make a substantial showing of a deprivation of constitutional rights, the petition will advance to a third stage for an evidentiary hearing." (Internal quotation marks omitted.) *Id.*

¶ 21　　　　There is no constitutional right to counsel in postconviction proceedings. *People*

*v. Cotto*, 2016 IL 119006, ¶ 29. "The right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by [the Act]." *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). The level of assistance provided is that of reasonable assistance of counsel, "which is a standard that is significantly lower than the one mandated at trial by our state and federal constitutions." (Internal quotation marks omitted.) *Huff*, 2024 IL 128492, ¶ 21. Rule 651(c) provides the duties of postconviction counsel to ensure a reasonable level of assistance. *Cotto*, 2016 IL 119006, ¶ 41. Rule 651(c) provides, in relevant part, that postconviction counsel must certify that he or she (1) "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights"; (2) "has examined the record of the proceedings at the trial"; and (3) "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 22            "The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule." (Internal quotation marks omitted.) *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39. A defendant may overcome the presumption by demonstrating counsel failed to *substantially* comply with the requirements of Rule 651(c). *People v. Addison*, 2023 IL 127119, ¶ 21. Where postconviction counsel has failed to fulfill the requirements of Rule 651(c), remand is required, "regardless of whether the claims raised in the [postconviction] petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47 (2007). We review whether counsel complied with Rule 651(c) *de novo*. *Addison*, 2023 IL 127119, ¶ 17.

¶ 23            In this case, counsel filed a facially valid Rule 651(c) certificate. Consequently,

we presume counsel has provided reasonable assistance, "and the burden is on [defendant] to rebut that presumption." *Huff*, 2024 IL 128492, ¶ 23. Defendant contends postconviction counsel did not make all necessary amendments to the *pro se* petition by (1) failing to amend the proportionate penalties clause claim into adequate legal form and (2) not attaching evidence to support defendant's claim.

¶ 24    Defendant first argues counsel did not specifically advance his proportionate penalties clause claim. Instead, he contends, counsel raised an eighth amendment claim, "cited the proportionate penalties clause, and sought permission from the court to gather additional factual support."

¶ 25    In a series of cases, including *Miller*, the United States Supreme Court recognized that juvenile offenders are constitutionally different from adult offenders with regard to sentencing. See *Miller*, 567 U.S. 460; *Roper v. Simmons*, 543 U.S. 551 (2005); *Graham v. Florida*, 560 U.S. 48 (2010). In *Miller*, the Supreme Court determined the eighth amendment prohibited mandatory life sentences without parole for juvenile offenders because the sentencing court would be prevented from considering the defendant's youth and its attendant characteristics. *Miller*, 567 U.S. at 479. The Illinois Supreme Court subsequently developed its own jurisprudence regarding sentencing claims raised by juveniles. The court also determined the eighth amendment application in *Miller* did not apply to those 18 years of age or older. See *People v. Harris*, 2018 IL 121932, ¶ 61. However, the supreme court did not "foreclose[ ] 'emerging adult' defendants between 18 and 19 years old from raising as-applied proportionate penalties clause challenges to life sentences based on the evolving science on juvenile maturity and brain development." *People v. Clark*, 2023 IL 127273, ¶ 87. To establish an as-applied constitutional challenge based on the principles of *Miller*,

"a young adult offender is required to allege and ultimately demonstrate that (1) at the time of the commission of the underlying offense, his or her own specific characteristics—those related to youth, level of maturity, and brain development—placed him or her in the same category as juvenile offenders described in *Miller* and (2) his or her sentencing was not *Miller* compliant, in that a life sentence was imposed without regard for the offender's youth and its attendant characteristics." *People v. Cortez*, 2021 IL App (4th) 190158, ¶ 47.

¶ 26 The second amended petition filed by counsel challenged defendant's sentence under both the eighth amendment and the proportionate penalties clause. Although the introduction to the second amended petition only mentioned the eighth amendment, the body of the petition discussed the application of the proportionate penalties clause extensively. The petition specifically stated defendant was relying on the branch of case law from the Illinois Supreme Court which "indicated that the *Illinois Constitution* may limit life sentences for emerging adults." (Emphasis added.) The petition laid out when an emerging adult may raise a proportionate penalties clause claim and cited *People v. Jones*, 2021 IL App (1st) 180996—where the appellate court found the proportionate penalties clause provided an avenue for young adults seeking to challenge their sentences—as being similar to defendant's circumstances. The petition explained defendant's childhood involving gangs and alcohol use and asserted the PSI was not developed for the court to consider these characteristics. The petition then specifically stated, "Absent those considerations, the natural life sentence imposed on [defendant] violates the Proportionate Penalties Clause of the Illinois Constitution as applied to him, and the Eighth Amendment prohibition against cruel and unusual punishments in the United States Constitution as well." It is unclear to this court how this does not constitute advancing defendant's

proportionate penalties clause claim.

¶ 27 Defendant points to indications counsel "conducted a perfunctory and inadequate review of the *** record," such as the first amended petition, which stated defendant's age at the time of the offense was 17. This could perhaps be support for a claim counsel failed to adequately review the record, but defendant made no such claim here. It does not, however, support defendant's argument the proportionate penalties claim was not in adequate legal form. Further, counsel amended the petition to correct the error, which he explained stemmed from defendant's petition and an incorrectly transposed date. That counsel amended the petition to correct the error from defendant's *pro se* petition and revised the argument to reflect defendant's status as an emerging adult demonstrates counsel put a great deal of effort into amending defendant's claims.

¶ 28 Finally, defendant contends counsel provided unreasonable assistance by failing to either (1) supplement his petition with "scientific articles explaining the socio-scientific findings of individuals under the age of 25" or (2) "hir[e] an expert or doctor to examine [defendant] and his case to explain why [defendant] was more like a juvenile at age 18."

¶ 29 To support defendant's proportionate penalties clause claim at the second stage, counsel was required to make a substantial showing defendant's specific characteristics placed him in the same category as the juvenile offenders contemplated in *Miller*. See *Cortez*, 2021 IL App (4th) 190158, ¶ 47; *Huff*, 2024 IL 128492, ¶ 19. Counsel provided such a factual record to support the claim. In the petition, counsel described defendant's early involvement with gangs and alcohol. Attached to the amended petition was defendant's *pro se* petition, in which defendant explained his childhood involvement with alcohol and gangs and that he "never even had a chance at life." Counsel also attached the PSI, which mentioned defendant's alcohol abuse

and gang affiliation, and stated in summary, "The defendant's social history reveals some critical problems that have negatively impacted his life and may have contributed to his involvement with the Criminal Justice System." As stated, Rule 651(c) requires counsel to certify he "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). This requirement does not include "bolstering every claim presented in a petitioner's *pro se* postconviction petition, regardless of its legal merit, or presenting each and every witness or shred of evidence the petitioner believes could potentially support his position." *People v. Custer*, 2019 IL 123339, ¶ 38. Counsel adequately supported defendant's proportionate penalties clause claim.

¶ 30        As counsel filed a facially valid certificate pursuant to Rule 651(c), defendant must overcome the presumption counsel complied with the requirements of the rule. *Huff*, 2024 IL 128492, ¶ 23. Defendant has failed to overcome that presumption, and we find counsel provided a reasonable level of assistance.

¶ 31                            III. CONCLUSION

¶ 32        For the reasons stated, we affirm the trial court's judgment.

¶ 33        Affirmed.